

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Nilda Picorelli López <br><br> Recurrida <br><br> v. <br><br> Departamento de Hacienda de  Puerto Rico <br><br> Peticionaria | Certiorari <br><br> 2010 TSPR 143 <br><br> 179 DPR ____ |

Número del Caso: CC-2009-123

Fecha: 22 de julio de 2010

Tribunal de Apelaciones:

> Región Judicial de San Juan-Panel IV

Juez Ponente:

> Hon. Sixto Hernández Serrano

Oficina del Procurador General:

> Lcda. Carmen A. Riera Cintrón
> Procuradora General Auxiliar

Abogados de la Parte Recurrida:

> Lcdo. Luis E. Vázquez Santos

Materia:   Revisión   de   Notificación   de   Deficiencia   de
          Contribución Sobre Ingresos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Nilda Picorelli López

    Recurrida

       v.                    CC-2009-0123    Certiorari

Departamento de Hacienda
De Puerto Rico

    Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

San Juan, Puerto Rico, a 22 de julio de 2010.

El presente caso nos permite pautar lo que implica "notificación adecuada" en el contexto de la cláusula constitucional de debido proceso de ley,[1] a la luz de los requisitos jurisdiccionales que establece la Sec. 6002(a)(2) del Código de Rentas Internas de Puerto Rico de 1994,[2] para una notificación final de deficiencia contributiva emitida por el Estado.

Por las razones que exponemos más adelante, se expide el auto solicitado, se revoca la determinación del Tribunal de Apelaciones y se

_____

[1] Art. II, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1.

[2] Ley Núm. 120 de 31 de octubre de 1994, según enmendada, 13 L.P.R.A. sec. 8022 (Código de Rentas Internas).

modifica la sentencia del Tribunal de Primera Instancia. Veamos los hechos que dieron origen a la controversia ante nuestra consideración.

## I

El 25 de octubre de 2004, el Banco Santander de Puerto Rico (Banco Santander) y la recurrida Nilda Picorelli López (recurrida Picorelli) firmaron un Acuerdo y Relevo General mediante el cual esta última concluiría su empleo en dicho banco efectivo el 5 de noviembre de 2004 y relevaría de responsabilidad al patrono por cualquier reclamación al amparo de distintas leyes laborales, incluyendo la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. secs. 185a- 185m (Ley 80). Como parte del mencionado acuerdo, la recurrida Picorelli recibiría la suma total de $250,000.00, de los cuales obtendría la mitad una vez transcurrieran 7 días desde la fecha de la firma del Acuerdo y Relevo General; el Banco Santander pagaría la otra mitad el 3 de enero de 2005.[3]

---

[3] Se estableció que de los primeros $125,00.00 que se entregaran a la recurrida Picorelli, la suma de $75,128.78 era el equivalente a la indemnización provista en la Ley 80, por lo que a dicha cantidad no se le haría la deducción correspondiente a contribuciones sobre ingresos. Se expresó, además, que al remanente de esos $125,00.00, esto es la suma de $49,871.22, sí se le haría la deducción correspondiente a contribuciones sobre ingresos y seguro social. Por su parte, en cuanto al segundo pago de $125,00.00, se acordó que se harían las deducciones de seguro social y contribuciones sobre ingresos.

También se indicó que del primer pago de $125,000.00, la suma de $50,000.00 se otorgaba "en consideración a la renuncia de la causa de acción bajo ADEA", esto es la "Age Discrimination in Employment Act" de 1967. Además, se expresó que "[e]l pago de la cantidad de [$200,000.00] y el pago del Plan Médico por dos años… son en consideración a la renuncia a las otras causas de acción mencionadas en este Acuerdo y a las otras obligaciones y compromisos contraídos por la [recurrida Picorelli] en este Acuerdo". Véase Apéndice de la Petición de *certiorari*, págs. 51-62.

En marzo de 2007, el Departamento de Hacienda notificó a la recurrida Picorelli una determinación preliminar de deficiencia contributiva para el año 2004, la cual fue apelada por ésta ante la Oficina de Apelaciones Administrativas del Departamento de Hacienda (Oficina de Apelaciones Administrativas). Luego de celebrar una vista administrativa en octubre de 2007 –en la cual la recurrida Picorelli solicitó que se eliminara la deficiencia señalada–, la Oficina de Apelaciones Administrativas emitió una notificación final de deficiencia contributiva el 4 de octubre de 2007. La deficiencia fue tasada en $61,004.18 y el importe de la fianza se fijó en $67,100.00.[4]

Inconforme con la determinación final de la Oficina de Apelaciones Administrativas, el 7 de noviembre de 2007 la recurrida Picorelli presentó una demanda sobre impugnación de deficiencia contributiva ante el tribunal de instancia con la que incluyó el formulario de fianza provisto por el Departamento de Hacienda,[5] el cual fue suscrito por ella y la compañía aseguradora Antilles Insurance Company. En síntesis, la recurrida Picorelli adujo que "la indemnización extrajudicial por terminación involuntaria concedida por las disposiciones de la Ley 80 y otras leyes

---

[4] Según las determinaciones de hechos incluidas en la notificación final de deficiencia, el ingreso neto tributable de la recurrida Picorelli para el año 2004 fue de $282,602.00. Además, se especificó que los ingresos no declarados en la planilla fueron por concepto de una transacción extrajudicial por la suma de $132,500.00. Véase Apéndice de la Petición de *certiorari*, págs. 43-44.

[5] Dicho formulario es el Modelo SC 6019 del Departamento de Hacienda titulado "Fianza para garantizar el pago de contribuciones, intereses y penalidades".

laborales no es tributable y tal indemnización no es sustituto de salario o compensación por labores rendidas, porque buscan reparar un daño o reemplazar lo perdido".[6]

Sin someterse a la jurisdicción del foro de instancia, el Departamento de Hacienda presentó una moción de desestimación en la que alegó, en primer lugar, que la demanda se había presentado fuera del término de 30 días dispuesto en la Sec. 6002(a)(2) del Código de Rentas Internas, *supra*, y, en segundo lugar, que la recurrida había entregado el formulario de fianza en el tribunal de instancia en lugar del Departamento de Hacienda, conforme requiere la mencionada sección del Código de Rentas Internas, *supra*.

Luego de varios trámites interlocutorios, el foro de instancia emitió una sentencia mediante la cual se declaró sin jurisdicción para atender la demanda, fundamentándose en que ésta había sido presentada fuera del término jurisdiccional de 30 días dispuesto en la Sec. 6002(a)(2)

---

[6] Véase Apéndice de la Petición de *certiorari*, págs. 45-50. Posterior a los hechos que originan la presente causa de acción, el 15 de agosto de 2008 fue enmendada la Ley Núm. 80 de 30 de mayo de 1976 mediante la aprobación de la Ley Núm. 278 de 15 de agosto de 2008. A través de la aprobación de dicho estatuto, fue introducido en el Art. 10 sobre Indemnización por despido sin justa causa--Descuento sobre indemnización, prohibidos-- el siguiente lenguaje:

> [n]o se hará descuento alguno de nómina sobre la indemnización dispuesta por el Artículo 1 de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, debiendo el patrono entregar íntegramente el monto total de la misma al empleado. Aquella compensación entregada a un obrero por concepto de liquidación o cierre de negocios, o programas empresariales para compartir ganancias con los empleados cuando el despido de éste se fundamente en las razones expuestas en los incisos (d), (e) y (f) del Artículo 2 de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, estará libre del pago de contribuciones sobre ingresos, pero podrá incluir aquellos otros descuentos acordados por el patrono y el empleado. 29 L.P.R.A. sec. 185k.

del Código de Rentas Internas, *supra*. De esta forma, el tribunal de instancia desestimó –con perjuicio– la demanda en su totalidad y decretó el archivo del caso.[7]

Insatisfecha con la decisión del Tribunal de Primera Instancia, la recurrida Picorelli presentó un recurso de apelación ante el Tribunal de Apelaciones, en el que argumentó que había presentado su causa de acción dentro del término jurisdiccional de 30 días que dispone la Sec. 6002(a)(2) del Código de Rentas Internas, *supra*. Por su parte, el Departamento de Hacienda solicitó la confirmación de la sentencia apelada, argumentando no sólo el que la causa de acción se había presentado fuera del término, sino que además la recurrida Picorelli había incumplido con el requisito jurisdiccional de presentar los documentos de fianza ante el Secretario de Hacienda antes de presentar la demanda.

Así las cosas, el Tribunal de Apelaciones revocó la decisión del foro de instancia al concluir que la demanda sí se había presentado dentro del término jurisdiccional.[8]

---

[7] La controversia relacionada al término jurisdiccional de 30 días dispuesto en la Sec. 6002(a)(2) del Código de Rentas Internas, *supra*, era la siguiente: como señalamos, la Oficina de Apelaciones Administrativas emitió la notificación final de deficiencia contributiva a la recurrida Picorelli el 4 de octubre de 2007. Sin embargo, el U.S. Postal Service indicó que esta notificación final de deficiencia contributiva llegó al correo ("arrival at unit") el 5 de octubre de 2007 y fue enviada ("delivered") por correo certificado el 9 de octubre de 2007. La recurrida Picorelli presentó su demanda el 7 de noviembre de 2007.

El Departamento de Hacienda señalaba que es claro de la letra de la ley que el término de 30 días dispuesto en la Sec. 6002(a)(2) del Código de Rentas Internas, *supra*, comienza a contar desde que se deposita en        el correo la notificación final de deficiencia y no desde que el contribuyente recibe la notificación.

[8] No entraremos a discutir este otro aspecto jurisdiccional de este caso –que no fue traído ante nuestra consideración por el Departamento de

Ese foro apelativo resolvió que el término para presentar la acción de impugnación de deficiencia contributiva "debe comenzar a decursar desde que el correo deposita la correspondencia, es decir, en casos como el de autos donde la misiva es enviada de forma certificada, el cómputo debe comenzar desde el momento en que el Servicio Postal deposita la notificación al destinatario, es ahí donde le informa que existe en el correo una correspondencia certificada que debe ser recogida".[9]     Además, y respecto a la prestación de la fianza, el Tribunal de Apelaciones indicó lo siguiente en su sentencia:

> … creemos que los planteamientos en torno a que la fianza debió haber sido presentada en el Departamento no deben prosperar. **Atiéndase el hecho de que de la "Notificación Final de Deficiencia" no se desprende con claridad en dónde debe ser presentada la fianza.** Así, dispone la misma...
>
> **Obsérvese que dicha notificación en ninguna parte advierte al contribuyente que la Fianza debe ser presentada ante el Departamento.** (Énfasis suplido.)

Oportunamente, el entonces Procurador General presentó una moción de reconsideración, la que fue declarada no ha lugar por el foro apelativo intermedio. Inconforme, la Procuradora General presentó el recurso de epígrafe, en el que se señala como único error el siguiente:

> Erró el Honorable Tribunal de Apelaciones al equiparar la prestación de fianza ante la Secretaría del Tribunal de Primera Instancia al

---

Hacienda (peticionario)- por no ser necesario ante el resultado final de nuestro análisis.

[9] Véase Apéndice de Petición de *certiorari*, pág. 14.

requisito de carácter jurisdiccional establecido en la Sección 6002 del Código de Rentas Internas de 1994, según enmendado, que establece que la fianza tiene que ser presentada ante el Secretario de Hacienda para su aprobación, previo a la radicación de la demanda sobre impugnación de deficiencia.

Por su parte, la recurrida Picorelli planteó lo siguiente:

La "Notificación Final de Deficiencia" no indica con claridad en dónde debe ser presentada la fianza, la cual citamos:

"[p]or la presente se notifica que el caso de epígrafe ha sido resuelto según se demuestra en los anejos que se acompañan. De estar conforme con esta resolución, puede evitarse mayor acumulación de intereses pagando inmediatamente el total adeudado. De no estar conforme dentro de los TREINTA (30) DÍAS inmediatamente siguiente a la fecha de esta notificación, podrá radicarse, **previa presentación de una fianza a favor del Secretario de Hacienda por la cantidad arriba indicada**, una demanda ante el Tribunal de Primera Instancia de Puerto Rico en la forma provista por ley".

**Obsérvese que en dicha notificación en ninguna parte advierte al contribuyente que la Fianza debe ser presentada ante el Departamento de Hacienda.**[10] (Énfasis suplido.)

Con el beneficio de contar con las argumentaciones de ambas partes, procedemos a resolver.

## II

En Puerto Rico, el procedimiento para impugnar una notificación final de deficiencia contributiva se rige por las disposiciones del Código de Rentas Internas, *supra*.

---

[10] Véase Memorando en oposición a que se expida el auto de *certiorari*, presentado por la recurrida Picorelli, pág. 6.

Específicamente, la Sec. 6002(a)(2) del mencionado Código establece lo siguiente:

> (2) Cuando un contribuyente no estuviere conforme con una determinación final de deficiencia notificada por el Secretario en la forma dispuesta en la cláusula (1) de este inciso, el contribuyente podrá recurrir contra dicha determinación ante el Tribunal de Primera Instancia, <u>presentando una demanda en la forma establecida por ley dentro del término de treinta (30) días a partir de la fecha del depósito en el correo de la notificación de la determinación final</u>, **previa prestación de fianza a favor del Secretario, ante éste, y sujeta a su aprobación**, por el monto expresado en la mencionada notificación de la determinación final; […] Salvo lo de otro modo dispuesto en este inciso, tanto la prestación de la fianza por el monto expresado por el Secretario en la notificación de la determinación final, como la presentación de la demanda en el Tribunal de Primera Instancia, ambas cosas dentro del término anteriormente dispuesto, <u>serán requisitos de índole jurisdiccional sin el cumplimiento de los cuales el Tribunal de Primera Instancia no podrá conocer del asunto.</u> (Énfasis suplido.)

Esto es, el contribuyente que no esté de acuerdo con una notificación final de deficiencia contributiva sólo podrá recurrir contra esa determinación ante el Tribunal de Primera Instancia si: (1) presenta su demanda dentro del término de 30 días a partir de la fecha del depósito en el correo de la notificación de la determinación final; y (2) presta –antes de presentar la demanda– una fianza a favor y ante el Secretario de Hacienda, quien aprobará o no la misma.[11]

---

[11] La Sec. 6002(a)(2) del Código de Rentas Internas, *supra*, establece que la fianza será por la cantidad indicada en la notificación de la determinación final. No obstante, se añade que "el contribuyente podrá pagar la parte de la contribución con la cual estuviere conforme y litigar el resto, en cuyo caso la fianza no excederá del monto de la

Conforme a la Sec. 6002(a)(4) del Código de Rentas Internas, *supra*, si el contribuyente no puede prestar la fianza por la suma requerida por el Secretario de Hacienda o simplemente no puede prestar fianza o si una vez prestada el Secretario la rechazó antes de que se presentara la demanda, el contribuyente podrá presentar su demanda en el Tribunal de Primera Instancia dentro del término de 30 días dispuesto en la Sec. 6002(a)(2) del Código de Rentas Internas, *supra*. Junto a la demanda, el contribuyente deberá incluir una solicitud (que será notificada al Secretario) en la que exponga las razones por las cuales el tribunal debiera reducir el monto de la fianza, le exonere de prestarla o apruebe la misma.

La Sec. 6002(a)(4) del Código de Rentas Internas, *supra*, establece que en los casos en los cuales el contribuyente solicite la reducción, exoneración o aprobación de fianza, el tribunal emitirá una orden para que el Secretario de Hacienda se exprese sobre lo solicitado. Esa sección añade que dentro de los 30 días desde que fue notificado de la orden (o en cualquier otro término que el tribunal disponga), el Secretario deberá someter las objeciones que tuviera contra la solicitud del contribuyente y luego el tribunal celebrará una audiencia en la que oirá a las partes, pero no entrará en los méritos de la deficiencia notificada. Finalmente, el foro de instancia dictará una

---

contribución que se litigue, más los intereses, recargos y cualesquiera otras adiciones a la contribución sobre la deficiencia computados en la forma dispuesta en la cláusula (1) de este inciso". Íd.

resolución a los fines de: (1) sostener el monto de la fianza requerida; (2) reducir la fianza; (3) exonerar al contribuyente de la prestación de la fianza; (4) aprobar la fianza que fue rechazada por el Secretario; u (5) ordenar al contribuyente que preste otra fianza.

Con el fin de implantar adecuadamente las disposiciones de la Sec. 6002(a) del Código de Rentas Internas, *supra*, el Departamento de Hacienda promulgó el Reglamento Núm. 6924 de 30 de abril de 2004 (Reglamento Núm. 6924). El inciso (a) del Art. 6002(a)-3 del mencionado Reglamento reitera el requisito de la prestación de fianza al indicar lo siguiente:

> (a) Dentro de los 30 días siguientes a la fecha en que la determinación final de deficiencia fuere depositada en el correo, el contribuyente podrá presentar una demanda ante el Tribunal de Primera Instancia en la forma provista por ley. Esta acción judicial constituye un *"juicio de novo"* para determinar la validez de la deficiencia, previo a la prestación de la fianza a favor del Secretario y sujeta a su aprobación. (Énfasis suplido.)

Por su parte, el inciso (b) del Art. 6002(a)-3 del Reglamento Núm. 6924 dispone que "[l]a fianza para garantizar el pago de contribuciones deberá presentarse mediante la radicación del formulario Fianza para Garantizar el Pago de Contribuciones, Intereses y Penalidades (Modelo SC 6019) y de los documentos complementarios de acuerdo a la fianza a ser prestada". A renglón seguido, el mencionado inciso enumera las 3 fianzas permisibles para garantizar el

pago de contribuciones: (1) las pignoraticias; (2) las fianzas de seguros; y (3) las hipotecarias.

Específicamente, el inciso (b)(2) del Art. 6002(a)-3 del Reglamento Núm. 6924 señala que si la fianza prestada es de una compañía de seguros se determinará –por medio de una petición de evidencia de certificación a tales efectos– si ésta se encuentra autorizada por el Comisionado de Seguros a hacer negocios en Puerto Rico. También se indica que aquel contribuyente que interese prestar la fianza por medio de una compañía de seguros deberá completar y presentar ante la Oficina de Apelaciones Administrativas del Departamento de Hacienda –para su aprobación– los siguientes documentos: (1) el formulario "Fianza para Garantizar el Pago de Contribuciones, Intereses y Penalidades" (Modelo SC 6019); (2) el documento de la fianza expedida por la compañía aseguradora; (3) el poder y la declaración de representación ("power of attorney") en la que esté debidamente identificada la persona autorizada a establecer la fianza a favor del Secretario; y (4) la comprobación del pago de la fianza.

Ante una controversia muy parecida a la del presente caso, en 1967 resolvimos el caso Segarra, Jr. v. Srio. de Hacienda, 94 D.P.R. 168 (1967). En aquella ocasión, el Secretario de Hacienda notificó deficiencias finales de contribución sobre ingresos a 2 individuos que constituían una sociedad profesional. Inconformes, éstos presentaron sus demandas ante el Tribunal Superior y acompañaron los

documentos originales de fianza para garantizar las deficiencias señaladas. Además, notificaron con copias fotostáticas de las demandas y de los documentos originales de fianza al Secretario de Hacienda, quien impugnó la jurisdicción del tribunal de instancia por entender que los demandantes no cumplieron con los requisitos de prestación de fianza conforme disponía la Sec. 272(a)(2) de la Ley de Contribución sobre Ingresos de 1954.[12] Específicamente, el Secretario de Hacienda argumentó que los documentos originales de fianza no se habían presentado para su aprobación dentro del término legal. Posteriormente, el Tribunal Superior desestimó el planteamiento jurisdiccional del Secretario de Hacienda y luego de una vista en los méritos declaró con lugar las demandas y anuló las deficiencias contributivas. El Secretario de Hacienda recurrió ante esta Curia.

---

[12] Esta sección de la ley, a base de la cual resolvimos el caso Segarra, Jr. v. Srio. de Hacienda, supra, estaba redactada de la siguiente forma: Cuando un contribuyente no estuviere conforme con una determinación final de deficiencia notificádale por el Secretario en la forma provista en el párrafo (1), el contribuyente podrá recurrir contra dicha determinación ante el Tribunal Superior, radicando demanda en la forma provista por ley dentro del término de 30 días a partir de la fecha del depósito en el correo de la notificación de la determinación final, previa prestación de fianza a favor del Secretario, ante éste, y sujeta a su aprobación, por el monto expresado en la mencionada notificación de la determinación final; … Salvo lo de otro modo dispuesto en este apartado, tanto la prestación de la fianza por el monto expresado por el Secretario en la notificación de la determinación final, como la radicación de la demanda en el Tribunal Superior, ambas cosas dentro del término anteriormente provisto, serán requisitos sin el cumplimiento de los cuales el Tribunal Superior no podrá conocer del asunto.

Valga señalar que de una lectura de la citada sección y la actual Sec. 6002(a)(2) del Código de Rentas Internas, supra, se desprende que ambas están redactadas en términos similares.

En ese caso de Segarra, Jr. v. Srio. de Hacienda, *supra,* pág. 173, expusimos que "[l]a prestación de la fianza ante el Secretario de Hacienda a favor de éste y sujeto a su aprobación, por la cuantía y dentro del término provisto por ley, al igual que la radicación de la demanda dentro del término legal, son requisitos jurisdiccionales sin cuyo cumplimiento estricto el Tribunal Superior carece de jurisdicción para conocer del asunto".[13] (Énfasis suplido y citas omitidas.) Añadimos que la frase "serán requisitos sin el cumplimiento de los cuales el Tribunal Superior no podrá conocer del asunto"[14] no podía tener otro alcance que el de privar al mencionado foro de atender el caso cuando no se habían cumplido ambos requisitos, "lo que equivale a decir que en tal caso el Tribunal carece de jurisdicción". Íd.

Según concluimos en Segarra, Jr. v. Srio. de Hacienda, *supra,* las copias de los documentos originales de fianza "eran insuficientes en ley para que el Secretario pudiera hacer una determinación sobre su aprobación o desaprobación". Por lo que, enfáticamente expresamos que "[l]a radicación de la fianza ante el Tribunal Superior, cuando no surge el caso en que la propia ley así lo autoriza o dispone, es una desviación sustancial del mandato

---

[13] En iguales términos nos expresamos en el caso Srio. de Hacienda v. Tribunal Superior, 103 D.P.R. 896, 897 (1975).

[14] En similares términos está redactada dicha frase en la actual Sec. 6002(a)(2) del Código de Rentas Internas, *supra*: "… ambas cosas dentro del término anteriormente dispuesto, serán requisitos de índole jurisdiccional sin el cumplimiento de los cuales el Tribunal de Primera Instancia no podrá conocer del asunto".

legislativo equivalente al incumplimiento de uno de los requisitos jurisdiccionales para **investir al Tribunal Superior de jurisdicción en el asunto**". (Énfasis suplido.)

Además, no debemos perder de perspectiva la doctrina de que cuando el legislador provee para que el contribuyente pueda litigar contra el gobierno la reclamación del impuesto que se le formula, en ese momento el gobierno está renunciando a su inmunidad de soberano. Es de ahí que "*nace el principio de que los requisitos que el estatuto exige a tales fines, son de estricto cumplimiento por parte del contribuyente y por lo general de carácter jurisdiccional para los tribunales*". (Énfasis en el original y citas omitidas.) Ortiz v. Srio. de Hacienda, 118 D.P.R. 571, 575 (1987); Robert Vizcarrondo v. Srio. de Hacienda, 114 D.P.R. 566, 574 (1983).

### III

No existe duda de que la Sec. 6002(a)(2) del Código de Rentas Internas, *supra*, expresa claramente que la prestación de fianza por el monto indicado en la notificación de la determinación final de la agencia: (1) tiene que hacerse ante el Secretario de Hacienda;[15] (2) está sujeta a su aprobación; y (3) tiene que hacerse antes de la presentación de la demanda en el tribunal de instancia y dentro del

---

[15] El inciso (a) del Art. 6002(a)-2 del Reglamento Núm. 6924 de 30 de abril de 2004 del Departamento de Hacienda dispone lo siguiente:
(a) En general.- La Oficina de Apelaciones [Administrativas] es el foro administrativo que revisará y resolverá las controversias, de forma justa e imparcial, que surgieren entre los contribuyentes y el Departamento en torno a cualquier deficiencia contributiva, según se define dicho término en la Sección 6001(b) del Código.

término dispuesto para ello. Como hemos mencionado, tanto la prestación de la fianza como la presentación de la demanda en el foro de instancia dentro del término dispuesto en el Código de Rentas Internas, *supra*, "[son] requisitos de índole jurisdiccional sin el cumplimiento de los cuales el Tribunal de Primera Instancia no podrá conocer del asunto [de la impugnación de la deficiencia contributiva]".[16]

También, el Reglamento Núm. 6924 establece que la presentación de la fianza requiere que se presente –sujeto a la aprobación del Secretario– el formulario "Fianza para Garantizar el Pago de Contribuciones, Intereses y Penalidades" (Modelo SC 6019) así como los documentos complementarios exigidos según el tipo de fianza a ser prestada (pignoraticia, fianza de seguro o hipotecaria).

En este caso lo cierto es que la recurrida Picorelli presentó el documento original del formulario de fianza ante el foro de instancia junto a su demanda en contra del Departamento, pero sin antes haberlo presentado al Secretario de Hacienda para su evaluación y aprobación. Lo que la recurrida Picorelli notificó al Secretario de Hacienda fue una copia de tal formulario al momento en que éste fue emplazado, pero claramente luego de haber presentado la demanda en el tribunal de instancia.

En el caso de una fianza de seguros, como la que intentó prestar la recurrida Picorelli en el caso de

---

[16] Sec. 6002(a)(2) del Código de Rentas Internas, *supra.*

epígrafe, uno de los asuntos que debe corroborar y determinar el Departamento de Hacienda es si tal compañía de seguros está autorizada por el Comisionado de Seguros a hacer negocios en Puerto Rico. Además, la Oficina de Apelaciones Administrativas tiene a su cargo revisar y aprobar los documentos complementarios exigidos según el tipo de fianza a ser prestada. Por todo lo cual, entendemos que el requisito de la prestación de fianza "a favor del Secretario, ante éste, y sujeta a su aprobación" es una formalidad legítima y de carácter obligatorio para todo aquel contribuyente que interese impugnar una determinación final de deficiencia contributiva en nuestro ordenamiento jurídico; es una condición previa para poder instar una demanda de este tipo ante el tribunal de instancia.

La claridad de la letra de la Sec. 6002(a)(2) del Código de Rentas Internas, *supra*, y del Reglamento Núm. 6924, así como la interpretación que este Tribunal le brindó a una disposición legal redactada en términos similares[17] en Segarra, Jr. v. Srio. de Hacienda, *supra*, establecen que los documentos relacionados con la fianza se tienen que presentar ante el Departamento de Hacienda. Cónsono con ello, el formulario de fianza (Modelo SC 6019) indica que el Secretario Auxiliar de Apelaciones Administrativas o su representante autorizado o el Secretario de Hacienda o su

---

[17] Esto es, la Sec. 272(a)(2) de la Ley de Contribución sobre Ingresos de 1954.

representante autorizado son quienes recomiendan o no la aprobación de la fianza.

Concluimos que la recurrida Picorelli incumplió el procedimiento dispuesto en la Sec. 6002(a)(2) del Código de Rentas Internas, *supra*, para impugnar una determinación final de deficiencia contributiva, pues presentó los documentos de fianza en la Secretaría del Tribunal de Primera Instancia sin antes presentarlos en el Departamento de Hacienda, según lo requiere la mencionada disposición legal.

## IV

Ahora bien, lo anterior no dispone del asunto que nos ocupa, pues, por otro lado y como bien señaló la parte recurrida, el Departamento de Hacienda no advirtió de forma adecuada acerca del lugar en donde correspondía presentar los documentos relacionados con la fianza previo a la presentación de la demanda.

Tanto la Constitución de Puerto Rico, a través del Art. II, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1, como las Enmiendas V y XIV de la Constitución de Estados Unidos, Emdas. V y XIV, Const. EE.UU., L.P.R.A., Tomo I, garantizan que ninguna persona en Puerto Rico sea privada de su libertad o propiedad sin el debido proceso de ley. "En su vertiente procesal, la cláusula del debido proceso instituye las garantías procesales mínimas que el Estado debe proveerle a un individuo al afectarle su propiedad o

libertad".[18] Su aplicabilidad requiere que exista un interés de propiedad o libertad que pueda verse afectado.

Como señalamos en Hernández v. Secretario, 164 D.P.R. 390, 395 (2005):

> Identificado dicho interés [de libertad o propiedad], procede determinar cuál es el procedimiento exigido, procedimiento que debe caracterizarse por ser justo e imparcial. Tal y como señalamos en *Rivera Santiago v. Srio. de Hacienda*, supra, pág. 274:
>> La característica medular de este derecho es que el procedimiento que siga el Estado sea justo (*fair*). "La garantía esencial de la cláusula de debido proceso es que sea justa. El procedimiento debe ser fundamentalmente justo al individuo en la resolución de los hechos y derechos que sirven de base para aquellas acciones gubernamentales que le privan de su vida, libertad o propiedad. Si bien situaciones diferentes pueden imponer diferentes tipos de procedimientos, siempre está el requisito general de que el proceso gubernamental sea justo e imparcial". (Citas omitidas.)

Hemos señalado de manera reiterada que el derecho a cuestionar la determinación de una agencia mediante revisión judicial es parte del debido proceso de ley protegido por la Constitución de Puerto Rico. Por lo tanto, constituye un requisito indefectible la adecuada notificación de cualquier determinación de una agencia que afecte los intereses propietarios de un ciudadano.[19]

---

[18] P.A.C. v. E.L.A. I, 150 D.P.R. 359, 376 (2000); Rivera Santiago v. Srio. de Hacienda, 119 D.P.R. 265, 273 (1987).

[19] Colón Torres v. A.A.A., 143 D.P.R. 119, 124 (1997); Asoc. Vec. de Altamesa Este v. Mun. San Juan, 140 D.P.R. 24, 34 (1996).

Para que todo procedimiento cumpla con el debido proceso de ley en su dimensión procesal, hemos establecido varios requisitos entre los que se encuentra como primero –por ser el orden lógico– una notificación adecuada del proceso.[20]

El deber de notificar a las partes una decisión administrativa de forma adecuada y completa no constituye un mero requisito, sino que va más allá debido a que una notificación insuficiente puede incluso provocar consecuencias adversas a la sana administración de la justicia.[21] Esta notificación adecuada brinda a las partes la oportunidad de advenir en conocimiento real de la decisión tomada, a la vez que otorga a las personas cuyos derechos pudieran verse transgredidos una mayor oportunidad de determinar si ejercen o no los remedios disponibles por ley. Así, pues, se obtiene un balance justo entre los derechos de todas las partes y se logra un ordenado sistema de revisión judicial.[22]

En el caso de autos, el estatuto que provee el derecho para revisar la decisión administrativa es la Sec. 6002 del Código de Rentas Internas, *supra*. Específicamente, el inciso (a)(2) de la mencionada sección indica claramente los requisitos jurisdiccionales que debe cumplir todo aquel contribuyente que interese revisar la determinación final de deficiencia, entiéndase:

---

[20] Díaz Rivera v. Srio. de Hacienda, 168 D.P.R. 1, 25 (2006).

[21] Olivo v. Srio. de Hacienda, 164 D.P.R. 165, 178 (2005).

[22] Asoc. Vec. de Altamesa Este v. Mun. San Juan, *supra*.

(1) presentar la demanda ante el tribunal de instancia dentro del término de 30 días a partir de la fecha del depósito en el correo de la notificación de la determinación final; y (2) prestar una fianza a favor y <u>ante</u> el Secretario de Hacienda, quien aprobará o no la misma.

Ya hemos expresado que el cumplimiento con los requisitos de la referida Sec. 6002 (a)(2) es de carácter jurisdiccional, por lo que su incumplimiento priva fatalmente al contribuyente de su causa de acción.[23] En el presente caso, la notificación final de deficiencia contributiva ciertamente incluyó la información relacionada con el término jurisdiccional para presentar la demanda ante el foro de instancia y que la prestación de la fianza sería a favor del Secretario de Hacienda.

Sin embargo, como se desprende claramente de la notificación en cuestión, el Departamento de Hacienda omitió la información acerca de dónde correspondía presentar los documentos relacionados con la fianza previo a presentar la demanda en el foro judicial.

En el presente caso, la notificación hecha por el Departamento de Hacienda sólo se limitaba a señalar que la fianza debía presentarse "a favor del Secretario de Hacienda", sin que siquiera pueda inferirse que tal fianza no sólo debía ser "a favor del Secretario", sino que debía presentarse "ante éste" y "previo a" la presentación de la demanda, para su aprobación. Esto cobra aún más

---

[23] <u>Segarra, Jr. v. Srio. de Hacienda</u>, *supra.*

pertinencia al considerar la realidad –de la cual tomamos conocimiento judicial– de que la mayoría de las fianzas requeridas en los procesos judiciales en Puerto Rico no se presentan ante la parte demandada –como en este caso lo requiere la referida Sec. 6002(a)(2) del Código de Rentas Internas, *supra*– sino ante el Tribunal, como lo hizo erradamente la recurrida Picorelli en el caso de autos.

Tal omisión por parte del Estado, representado por el Departamento de Hacienda, constituye una clara violación al debido proceso de ley en su vertiente procesal que requiere, como el primero de sus requisitos, una notificación adecuada en los casos en que el ciudadano enfrente la privación de un interés propietario. **En vista de lo antes expresado, resolvemos que el Departamento de Hacienda deberá incluir en la notificación final de deficiencia contributiva la obligación del contribuyente de presentar los documentos relacionados con la fianza ante el Departamento de Hacienda[24] para su evaluación y aprobación, ello previo a la presentación de la demanda en el tribunal de instancia.**

**V**

Por los fundamentos antes expuestos, se expide el auto de *certiorari* solicitado, se revoca la decisión del Tribunal de Apelaciones y se modifica la sentencia del Tribunal de Primera Instancia para que se archive sin perjuicio la causa de acción de la recurrida Picorelli. Asimismo, se devuelve

---

[24] Como mencionamos anteriormente, los documentos relacionados con la fianza tienen que presentarse ante el Departamento de Hacienda, específicamente en la Oficina de Apelaciones Administrativas, según dispone el Reglamento Núm. 6924.

el caso al Departamento de Hacienda para que éste notifique nuevamente a la recurrida Picorelli la notificación final de deficiencia contributiva, de acuerdo a lo señalado en esta Opinión.

Se dictará Sentencia de conformidad.


Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Nilda Picorelli López

    Recurrida

      v.                     CC-2009-123

Departamento de Hacienda
De Puerto Rico

    Peticionario

**SENTENCIA**

San Juan, Puerto Rico, a 22 de julio de 2010.

    Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto de *certiorari* solicitado, se revoca la decisión del Tribunal de Apelaciones y se modifica la sentencia del Tribunal de Primera Instancia para que se archive sin perjuicio la causa de acción de la recurrida Picorelli. Asimismo, se devuelve el caso al Departamento de Hacienda para que éste notifique nuevamente a la recurrida Picorelli la notificación final de deficiencia contributiva, de acuerdo a lo señalado en esta Opinión.

    Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco no interviene.

                   Aida Ileana Oquendo Graulau
                   Secretaria del Tribunal Supremo