Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JUAN ROMERO HERNÁNDEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400412 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso número: GUE-11210 |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 22 de agosto de 2024.

Comparece ante nos, por derecho propio, la parte recurrente, Juan Romero Hernández, mediante revisión judicial y solicita que revoquemos la orden emitida por la división de Programas y Servicios del Departamento de Corrección y Rehabilitación el 7 de junio de 2024, notificada el 20 del mismo mes y año. Mediante el referido dictamen, el organismo administrativo pospuso la determinación para evaluar la participación del recurrente en el Programa de Pre-Reinserción a la libre comunidad.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de revisión judicial por falta de jurisdicción.

## I

Según surge del expediente, el 7 de junio de 2024, Juan Romero Hernández (Romero Hernández o recurrente) fue evaluado para determinar su participación en el Programa de Pre-Reinserción

Número Identificador

SEN2024 _____

a la libre comunidad.[1] Atendido el asunto, en igual fecha, la división de Programas y Servicios del Departamento de Corrección y Rehabilitación (DCR o recurrido) pospuso su determinación. La agencia refirió el caso para evaluación adicional en aras de cumplir con lo dispuesto en los Artículos 17, 18 y 19 del Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011, 3 LPRA Ap. XVIII, Arts. 17, 18 y 19, sobre los derechos de las víctimas de delitos en los procedimientos relacionados con los Programas de Desvíos y Comunitarios.

En desacuerdo, el 2 de julio de 2024, Romero Hernández presentó una *Solicitud de Reconsideración*, la cual no fue atendida por el DCR.[2]

Inconforme, el 23 de julio de 2024, recibida en la Secretaría de este Foro el 29 del mismo mes y año, la parte recurrente presentó el recurso de epígrafe y señaló los siguientes errores:

> Err[ó] la [s]ecretaria auxiliar [de los] [P]rograma[s] y Servicios [del DCR,] Sra. Janette Rodríguez Robles[,] al posponer el privilegio del [P]rograma al [r]ecurrente por el Artículo 17 del Plan de [R]eorganización [N]úmero 2-2011.

> Err[ó] la [s]ecretaria auxiliar [de los] [P]rograma[s] y Servicios [del DCR,] Sra. Janet[te] Rodríguez Robles[,] al posponer el privilegio del [P]rograma al [r]ecurrente por el Artículo 18 del [P]lan de [R]eorganización [N]úmero 2-2011.

> Err[ó] la [s]ecretaria auxiliar [de los] [P]rograma[s] y [S]ervicios [del DCR,] Sra. Janette Rodríguez Robles[,] al posponer el privilegio del [P]rograma al recurrente por no cumplir con el [A]rt[í]culo. 19 del [P]lan de [R]eorganización # 2-2011[.]

> Err[ó] la secretaria [a]uxiliar [de los] [P]rograma[s] y [S]ervicios [del DCR,] Sra. Janette Rodríguez Robles[,] al violar el mandato constitucional a la [r]ehabilitación como derecho fundamental que le asiste al recurrente.

> Err[ó] la secretaria [a]uxiliar [de los] [P]rograma[s] y [S]ervicios [del DCR,] Sra. Janette Rodríguez Robles[,] al no basar su determinación en evidencia sustancial[,] actuando de forma arbitraria e injusta en violación a sus propios reglamentos y leyes.

---

[1] Evidencia 1 del recurso.
[2] Evidencia 2 del recurso.

Err[ó] la secretaria [a]uxiliar[,] Sra. Janette Rodríguez Robles[,] al darle m[á]s peso a la opinión de la víctima que a la totalidad del expediente del recurrente[,] convirtiéndose en trato cruel e inusitado en violación a nuestra [C]onstitución y sin cumplir con el mandato a la rehabilitación.

Err[ó] la secretaria [a]uxiliar [de los] [P]rograma[s] y [S]ervicios [del DCR,] Sra. Janette Rodríguez Robles[,] al no conceder el [P]rograma[,] ya que se trata de un cambio de custodia menos restrictivo aun *[sic]* programa comunitario[.] [E]l confinado sigue bajo confinamiento.

Hemos examinado con detenimiento el escrito y el apéndice sometido por la parte recurrente y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5). Resolvemos.

## II

### A

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subasta ASG*, 2024 TSPR 24, 213 DPR ___ (2024); *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a

un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69, resuelto el 21 de junio de 2024; *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.*; *Pueblo v. Ríos Nieves*, supra; *FCPR v. ELA et al.*, supra.

**B**

Sabido es que la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.* (LPAU), regula lo concerniente a la revisión judicial de las **órdenes o resoluciones finales** de los organismos administrativos. *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99 (2023); *OEG v. Martínez Giraud*, 210 DPR 79 (2022). El Tribunal Supremo de Puerto Rico ha expresado que el derecho a cuestionar dichas determinaciones es parte del debido proceso de ley cobijado por nuestra Constitución. *ACT v. Prosol et als.*, 210 DPR 897 (2022); *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014),

citando a *Picorelli López v. Depto. de Hacienda,* 179 DPR 720, 736 (2010).

Conforme a lo anterior, una parte adversamente afectada por una **orden o resolución final** de una agencia, que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones. Sección 4.2 de la LPAU, 3 LPRA sec. 9672; *Miranda Corrada v. DDEC et al.*, 211 DPR 738 (2023). De otro lado, **una orden o resolución interlocutoria de una agencia**, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, **no serán revisables directamente**. No obstante, la disposición interlocutoria del organismo administrativo podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia. *Íd.*

El Tribunal Supremo de Puerto Rico ha reconocido algunas excepciones a la precitada Sección 4.2 de la LPAU, *supra,* en cuanto a la exigencia de la finalidad de la resolución administrativa objeto de revisión judicial. En particular, el foro revisor podrá intervenir en una determinación interlocutoria de la agencia recurrida cuando se trate de una actuación *ultra vires* o sin jurisdicción del organismo administrativo. *AAA v. UIA*, 200 DPR 903, 916 (2018). Por igual, dicho Tribunal está facultado para revisar las órdenes o resoluciones interlocutorias sobre la descalificación de un abogado o una abogada. *ORIL v. El Farmer, Inc.*, 204 DPR 229 (2020). Asimismo, nuestro más Alto Foro ha reiterado que, aun cuando el requisito de finalidad de las determinaciones administrativas es distinto a la doctrina de agotamiento de remedios, ambas tienen un alcance análogo y, de ordinario, gozan de las mismas excepciones. *Íd.*, págs. 239-240; *Procuradora Paciente v. MCS*, 163 DPR 21, 38 (2004).

A tenor con ello, los factores que operan a favor de preterir la doctrina de agotamiento de remedios y, a su vez, la exigencia de finalidad de las órdenes o resoluciones administrativas recurridas, son las siguientes: (1) cuando dar curso a la acción administrativa cause un daño inminente, material, sustancial y no teórico o especulativo; (2) cuando el remedio administrativo constituya una gestión inútil, inefectiva y que no ofrezca un remedio adecuado; (3) cuando la agencia claramente no tenga jurisdicción sobre el asunto y la posposición conllevaría un daño irreparable al afectado, o (4) cuando el asunto es estrictamente de derecho. *ORIL v. El Farmer, Inc.*, supra, pág. 240.

En lo pertinente al caso de autos, la LPAU no define expresamente el término *orden o resolución final.* No obstante, el referido estatuto contiene una descripción de lo que la orden o resolución tiene que incluir para considerarse como final. Sobre ese particular, la Sección 3.14 de la LPAU, 3 LPRA sec. 9654, dispone que una orden o resolución final debe incluir determinaciones de hecho y las conclusiones de derecho que fundamentan la adjudicación, así como la advertencia del derecho a solicitar una reconsideración o revisión, según sea el caso.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group v. Oriental Bank,* supra. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd.*

En el caso de autos, Romero Hernández recurre de una orden administrativa mediante la cual la agencia pospuso la determinación para evaluar la participación del recurrente en el

Programa de Pre-Reinserción a la libre comunidad. Ahora bien, de una revisión de la determinación recurrida no cabe duda de que estamos ante un referido para una evaluación adicional, el cual es inherentemente interlocutorio. Es decir, **el recurrente no impugna los méritos de una orden o resolución administrativa final**.

Cónsono con lo anterior, por tratarse de un dictamen interlocutorio, el cual no se encuentra dentro del margen de excepción establecido por nuestro ordenamiento jurídico y, por consiguiente, no es susceptible de revisión judicial por este Foro conforme establece la Sección 3.14 de la LPAU, *supra*, carecemos de jurisdicción para atender el presente recurso en sus méritos.

**IV**

Por los fundamentos que anteceden, desestimamos el presente recurso de revisión judicial por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones