Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| DIONISIO CARTAGENA ESPARRA y WANDA JANETTE RÍOS COLORADO<br><br>Recurrente<br><br>v.<br><br>OFICINA DE GERENCIA DE PERMISOS e INNOVATTEL PROPERTIES, LLC<br><br>Recurridos | TA2026AP00018 | *Apelación* acogida como REVISIÓN JUDICIAL Procedente de la Oficina de Gerencia de Permisos<br><br>Permiso de Construcción Núm.: 2021-411085-PCOC-020540<br><br>Sobre: Impugnación de Permiso de Construcción por Violación al Debido Proceso de Ley |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 29 de enero de 2026.

El 7 de enero del año en curso, Dionisio Cartagena Esparra y Wanda Janette Ríos Colorado (los recurrentes) presentaron ante nos un *Recurso de Revisión Judicial*[1] mediante el cual nos solicitan la revisión y revocación del Permiso de Construcción Número 2021-411085-PCOC-020540 emitido por la Oficina de Gerencia de Permisos (OGPe) a favor de Innovattel Properties, LLC (Innovattel) con fecha del 1 de diciembre de 2025.

Estudiado el legajo apelativo, resolvemos desestimar el recurso de epígrafe por falta de jurisdicción. Explicamos.

**-I-**

Tal cual surge de los documentos sometidos por los recurrentes, el 8 de mayo de 2015, la OGPE emitió el Permiso de Construcción Núm. 2013-220129-PCO-21001 para la edificación de una facilidad de

---

[1] El recurso fue presentado como una *Apelación*, sin embargo, lo acogemos como una Revisión Judicial, aunque conserve el mismo alfanumérico.

telecomunicaciones.[2] Posteriormente, el 23 de noviembre de 2021, Innovatel solicitó la enmienda de dicho permiso de construcción.[3] Esta solicitud fue identificada con el número 2021-411085-PCOC-020540. El 18 de enero de 2022, la OGPe emitió el permiso de construcción. Este permiso fue objeto de revisión administrativa. El 9 de mayo de 2022, la OPGe dictó *Resolución de Revisión Administrativa* declarándola no ha lugar.

Frente a esta decisión, los recurrentes acudieron ante este Tribunal de Apelaciones mediante el recurso KLRA202200300.  El 8 de agosto de 2022, este Tribunal dictó *Sentencia* en el mencionado caso mediante la cual resolvió que la reglamentación utilizada para evaluar el caso era nula. Así pues, revocó la resolución administrativa y devolvió el caso para que se dispusiera de la solicitud de enmienda a la luz del reglamento vigente.

Es menester señalar que el permiso de construcción fue emitido en varias ocasiones.[4] Así las cosas, el 1 de diciembre de 2025, la OGPe emitió el permiso impugnado ante nos. **El mismo, contiene la descripción del proyecto, los datos de la localización y aquellos del proyecto y del permiso. A su vez, detalla las obras de construcción, las condiciones generales del permiso expedido, así como las aquellas especiales y un aviso.**

Inconforme con el permiso expedido, los recurrentes acuden ante nos y señalan la comisión de los siguientes errores:

> **PRIMER SEÑALAMIENTO DE ERROR**: ERRÓ LA OGPE, COMO ERROR ADMINISTRATIVO Y VIOLACIÓN AL DEBIDO PROCESO DE LEY, AL NO NOTIFICAR CONFORME A DERECHO A TODAS LAS PARTES RECONOCIDAS LA OTORGACIÓN DE LA ENMIENDA A PERMISO DE CONSTRUCCIÓN DE EPÍGRAFE; SEGÚN LA LEY APLICABLE Y VARIAS RESOLUCIONES

---

[2] Según los recurrentes exponen en su recurso, tal permiso fue objeto de revisión administrativa.

[3] De acuerdo con los documentos contenidos en el Apéndice del recurso, la enmienda se solicitó para cumplir con los siguientes cambios: cambio de nombre de dueño a Innovattel; y cambio de las 3 plataformas de acero por una losa de hormigón.

[4] Véase Resolución *de Revisión Administrativa* emitida por OGPe en la revisión número 2023-486948-SDR-012273 del 17 de julio de 2023, Anejo 10 del Apéndice, y *Resolución de Revisión Administrativa* del 17 de noviembre de 2025 sobre la revisión número 2023-486948-SDR-303014, Anejo 13 del Apéndice.

CONSECUTIVAS EMITIDAS POR LA DRAOGPE AL MISMO SEÑALAMIENTO.

**SEGUNDO SEÑALAMIENTO DE ERROR**: ERRÓ LA OGPE AL OTORGAR LA ENMIENDA A PERMISO, SEGÚN SOLICITADO COMO UNA ENMIENDA, CUANDO, (1) SOLICITA UN CAMBIO ESTRUCTURAL, (2) CON INFRAESTRUCTURA CONSTRUIDA EN EL CAUCE Y CAUCE MAYOR DE UN RÍO Y (3) LAS FACILIDADES - DIFERENTES EN SÍ AL PERMISO ORIGINAL- CONSTRUIDAS EN LO QUE, EN LA VIDA REAL, HA SIDO PARTE DEL VERDADERO CAUCE MAYOR DEL RÍO NIGUA DESPUES DE LA CONSTRUCCIÓN DE LA PR-1; DEBIÓ REQUERIR LA PRESENTACIÓN Y EVALUACIÓN DE UNA SOLICITUD DE PERMISO; NO UNA MERA ENMIENDA ULTRA VIRES PORQUE SE USÓ, REALMENTE, PARA LEGALIZAR UNA OBRA NO CONFORME LEGAL.

Atendido y evaluado el recurso, por las razones que más adelante expondremos, según nos permite hacer la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), prescindimos de la comparecencia de los recurridos y procedemos a atenderlo.

-II-

La jurisdicción es el poder o autoridad con el que contamos los tribunales para considerar y decidir los casos y controversias que nos son presentados ante nuestra consideración. *Freire v. Morales Román*, 2024 TSPR 129 215 DPR ____; al mencionar a *Munc. Aguada v. W Cost. Y Recovery Finance*, 214 DPR 432 (2024) y *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019). En Puerto Rico, aun cuando los tribunales poseemos jurisdicción general, adquirimos autoridad para entender sobre los asuntos judiciales por virtud de ley. Por tanto, no la podemos atribuir ni las partes no las pueden otorgar.

Acorde con la norma imperante, estamos emplazados a ser fieles guardianes de nuestra jurisdicción por lo que los asuntos relacionados con esta deben ser atendidos con prioridad *Íd.*, al mencionar a *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685, 698 (2024) y *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por ende, las cuestiones relativas a

la jurisdicción pueden atenderse por petición de parte o inclusive, considerarse *motu proprio* por el tribunal, como parte de su deber ministerial. *Íd.*

La ausencia de jurisdicción no es susceptible de ser subsanada e incide de forma consustancial con la autoridad que nos ha sido conferida para atender en los méritos una controversia o un asunto sobre un aspecto legal. *Allied Mgmt. Group v. Oriental Bank*, *supra* a la pág. 387; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250-251 (2012). De esa forma, si al hacer el análisis jurisdiccional, concluimos, que carecemos de jurisdicción para adjudicar la cuestión ante nuestra consideración, tenemos el deber de así declararlo y proceder con la desestimación del recurso apelativo. *Freire v. Morales Román*, *supra.*

### B.

El debido proceso de ley tiene dos dimensiones; una sustantiva y otra procesal. *Román Ortiz v. Oficina de Gerencia de Permisos*, 203 DPR 947 (2020) al mencionar a *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 394 (2018). En la última de estas vertientes, o sea la procesal, el debido proceso de ley exige a los componentes del Estado garantizar que, al interferir con los intereses propietarios de una persona, se cumpla con un procedimiento justo y equitativo. *Id.*, al mencionar a *Picorelli López v. Depto. de Hacienda*, 179 DPR 720, 735–736 (2010). Así pues, y según ha sido reiterado, los procedimientos adjudicativos deben observar las garantías mínimas siguientes: 1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra; (5) asistencia de abogado, y (6) decisión basada en el récord *Id.*

En el ámbito administrativo, el debido proceso de ley no tiene la misma rigidez que en los procedimientos adjudicativos ante los tribunales. No obstante, ha sido resuelto y reiterado que todo proceso adjudicativo

administrativo debe ser justo en todas sus etapas ciñéndose a las garantías mínimas del debido proceso de ley, conforme al interés involucrado y la naturaleza del procedimiento que se trate. *Id.* Así pues, y conforme a ello, nuestro más alto foro ha enfatizado que el debido proceso de ley también exige a las agencias administrativas que notifiquen adecuadamente los dictámenes emitidos en los procedimientos adjudicativos. *Id.*, a la pág. 954 y casos allí citados.

C.

Conforme la Sec. 4.6 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, 3 LPRA sec. 9676 y el Art. 4.006 de la Ley Núm. 201-2003, Ley de la Judicatura de 2003, 4 LPRA sec. 24y, este foro revisor intermedio tiene competencia para acoger como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas.   Lo anterior, acorde las regulaciones establecidas en la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, 3 LPRA sec. 9601, *et seq.* y el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, Rs. 56-67.

En lo específico, la Sec. 4.2 de la Ley Núm. 38-2017, 3 LPRA sec. 9672, establece que:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

> [. . .]

> Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente.  La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia.

**-III-**

Tal cual arriba indicamos, los recurrentes piden nuestra intervención frente al Permiso de Construcción emitido por la OGPe. Primero, nos solicitan que invalidemos la enmienda al permiso de construcción pues no fueron notificados de la misma. Luego, mediante su segundo señalamiento de error, nos solicitan que impartamos justicia y revoquemos el permiso emitido, pues la naturaleza de los cambios propuestos por Innovatel exigían la presentación y evaluación de una solicitud de permiso y no una mera enmienda con el fin de legalizar una obra a todas luces ilegal. Así, exponen que dicha actuación constituye un error de derecho que derrota cualquier deferencia que deba brindarse a las decisiones administrativas.

En cuanto al primer asunto, estimamos pertinente destacar que el proceso inicial de concesión de licencia o franquicia no es uno adjudicativo. Así fue resuelto en *Claro TV y Junta Regl. Tel v. OneLink*, 179 DPR 177 (2010). Por tanto, es luego de la concesión de un permiso que cualquier persona, aunque no haya sido parte en la etapa inicial, puede impugnar una determinación administrativa.[5] Es precisamente conforme a esta doctrina que los recurrentes, desde que la OGPe emitió el Permiso de Construcción a Wireless Solutions, Inc., en el caso 2021-411085-PCOC-020540, han participado activamente del caso e inclusive, han instado sendas revisiones administrativas para impugnarlo. **No obstante, en cada ocasión, la división de revisiones administrativas de OGPE ha devuelto el caso a la agencia para que notifique el permiso conforme a derecho a todas las partes.**

Estudiado el legajo apelativo, advertimos que pese a las distintas oportunidades que se le ha brindado a la OGPe- una de estas tan reciente como el 17 de noviembre de 2025- la enmienda al permiso de construcción

---

[5] Véase, *Ranger American v. Lomis Fargo*, 171 DPR 670 (2007) y *San Antonio Maritime v. P.R. Cement Co.*, 153 DPR 374 (2001).

impugnada **no** le fue notificada a los recurrentes, pese a que estos son partes del proceso administrativo. O sea, una vez más la OGPe emite una notificación defectuosa sobre el permiso de construcción en controversia que ocasiona que los términos para acudir en revisión de este no hayan comenzado a transcurrir. Ello nos resulta claro pues, como arriba destacáramos, dicho documento contiene la descripción del proyecto**;** los datos de la localización y aquellos del proyecto y del permiso; detalla las obras de construcción, las condiciones generales del permiso expedido, así como aquellas especiales; incluye un aviso, más no certifica notificación alguna**.** Al ser así, la decisión impugnada padece de una deficiencia en su notificación, constituyéndose una violación a las garantías mínimas a un debido proceso de ley.

Tal deficiencia, ocasiona que el permiso de construcción no constituya una determinación final que pueda ser objeto de revisión judicial. Ante este indiscutible hecho, carecemos de jurisdicción y nos vemos obligados a desestimar el recurso de epígrafe.

**-IV-**

Por los fundamentos antes expuestos, desestimamos el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones