ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JOSEPH ACEVEDO MALDONADO<br><br>Recurrente<br><br>v.<br><br>ADMINISTRACIÓN DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202400276 | *Revisión* procedente de la Administración de Corrección y Rehabilitación<br><br>Sobre:<br>Respuesta de Reconsideración<br>B-13-24 |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de julio de 2024.

Comparece Joseph Acevedo Maldonado (en adelante, señor Acevedo Maldonado) mediante un recurso de revisión para que dejemos sin efecto la *Respuesta* emitida el 9 de enero de 2024, notificada el 18 del mismo mes y año, por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, DCR).[1] Mediante la respuesta recurrida, el DCR desestimó por fútil una *Solicitud de Remedio* presentada por el recurrente. Sobre dicha determinación, se presentó una solicitud de reconsideración en la cual se confirmó y modificó la aludida respuesta, mediante una *Resolución* emitida el 4 de abril de 2024, notificada el 22 del mismo año.[2]

Por los fundamentos que expondremos, se *confirma* la determinación recurrida.

I

El recurrente es miembro de la población correccional de la Institución Bayamón 501.[3] Surge del expediente que, el 8 de enero

---

[1] Expediente administrativo, a la págs. 4-5.
[2] *Íd.,* a las págs. 10-12.
[3] Expediente administrativo, a la pág. 3.

Número Identificador

SEN2024_____

de 2024, el señor Acevedo Maldonado presentó ante el DCR una *Solicitud de Remedio Administrativo.* En la misma, adujo que desde que fue ingresado a la institución carcelaria antes mencionada, allá para el 21 de diciembre de 2023, renovó su dieta alta en fibra y sin irritantes. Puntualizó que, aunque le estaba llegando la misma, no le estaban enviando el pan integral en la cena.

Al día siguiente de presentarse la referida solicitud, el DCR la desestimó "por fútil", mediante *Respuesta al Miembro de la Población Correccional,* la cual fue notificada el 18 de enero de 2024.[4]

En desacuerdo, el 29 de enero de 2024, el señor Acevedo Maldonado presentó una *Solicitud de Reconsideración.*[5] En el escrito, aseveró que fue muy claro en su *Solicitud de Remedio* en cuanto a que no estaba recibiendo su pan integral en la cena.

Evaluado lo anterior, el 4 de abril de 2024, notificada el 22 del mismo año, el DCR emitió una *Resolución* mediante la cual confirmó y modificó la respuesta recurrida.[6] En el referido dictamen, expuso lo siguiente:

> Corroboramos con el Sr. Cesar Lugo Ramírez, Supervisor de Alimentos, Institución Correccional Bayamón 501 el cual nos informó que no tienen referido para la dieta alta en fibra por parte del área médica. Es importante que verifique si se realizó la renovación de la dieta alta en fibra en el área médica para que procedan a realizar el protocolo y enviarla al área de cocina.[7]

Inconforme aun, el señor Acevedo Maldonado compareció ante nos para solicitarnos, en apretada síntesis, que se le ordenara a la compañía Carolina Catering que informe a este Tribunal las razones por las cuales no le están enviando el pan integral como parte de su dieta y para que se oriente al personal de la referida compañía y a los empleados de Physician Correctional para que

---

[4] *Íd.,* a las págs. 4-5.
[5] *Íd.,* a la pág. 6.
[6] *Íd.,* a las págs. 10-12.
[7] *Íd.,* a la pág. 11.

supervisen las dietas, se aseguren de que no falte nada y lleguen completas.

El 26 de junio de 2024, compareció el DCR, para presentar copia certificada del expediente administrativo, según requerido. Por su parte, el 27 de junio de 2024, el recurrente presentó solicitud para litigar en forma *pauperis*, conforme ordenado. Además, el Procurador General, compareció mediante *Alegato en Oposición*. Con el beneficio de la comparecencia de las partes, procederemos a disponer del recurso ante nos.

II

## A. Revisión Administrativa

El Tribunal Supremo de Puerto Rico (en adelante, Tribunal Supremo) ha sostenido que, el derecho a cuestionar la determinación de una agencia mediante revisión judicial es parte del debido proceso de ley protegido por la Constitución de Puerto Rico.[8] El artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico[9] otorga la competencia apelativa al Tribunal de Apelaciones para revisar las decisiones, órdenes y resoluciones finales de las agencias administrativas.[10] La revisión judicial de las decisiones administrativas tiene como fin delimitar la discreción de los organismos administrativos, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable.[11] Esta doctrina dispone que corresponde a los tribunales examinar si las decisiones de las agencias administrativas fueron tomadas dentro de los poderes delegados y si son compatibles con la política pública que las origina.[12] A esos efectos, la revisión judicial comprende tres (3) aspectos: (i) la concesión del remedio apropiado; (ii) la revisión de

---

[8] *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014); *Picorelli López v. Depto. de Hacienda,* 179 DPR 720, 736 (2010).
[9] Ley Núm. 201-2003 (4 LPRA sec. 24y(c)).
[10] *Asoc. Condómines v. Meadows Dev.*, supra.
[11] *Unlimited v. Mun. de Guaynabo*, 183 DPR 947, 965 (2011); *Empresas Ferré v. ARPe*, 172 DPR 254, 264 (2007).
[12] *Rolón Martínez v. Caldero López*, 201 DPR 26, 35 (2018).

las determinaciones de hecho conforme al criterio de evidencia sustancial; y, (iii) la revisión completa de las conclusiones de derecho.[13] El Alto Foro ha establecido que el derecho a una notificación adecuada concede a las partes la oportunidad de tomar conocimiento real de la acción tomada por la agencia. Además, otorga a las personas cuyos derechos pudieran quedar afectados, la oportunidad para decidir si ejercen los remedios que la ley les reserva para impugnar la determinación.[14]

Dentro de este marco, nuestro Tribunal Supremo ha reiterado que los tribunales apelativos, al ejercer su función revisora, deben conceder una gran deferencia a las decisiones emitidas por las agencias debido a la vasta experiencia y conocimiento especializado en los asuntos que les han sido encomendados.[15] Por un lado, el Alto Foro ha enfatizado que los tribunales, aplicando el criterio de razonabilidad y deferencia, no alterarán las determinaciones de hechos de las agencias, siempre que surja del expediente administrativo evidencia sustancial que las sustente.[16] Igualmente, las determinaciones de los entes administrativos tienen una presunción de legalidad y corrección que los tribunales deben respetar mientras la parte que las impugna no presente la evidencia suficiente para derrotarlas.[17] A la luz de esto, los tribunales deben ser cautelosos al intervenir con las conclusiones e interpretaciones de los organismos administrativos especializados.[18] Ahora bien, esta deferencia reconocida a las decisiones de las agencias administrativas cede en algunas situaciones: (i) cuando la decisión no esté basada en evidencia sustancial; (ii) cuando la agencia haya

---

[13] *Batista, Nobre v. Jta. Directores*, 185 DPR 206, 217 (2012), citando a *Asoc. Fcias v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010); *Mun. de. San Juan v. JCA*, 149 DPR 263, 279-280 (1999).
[14] *Asoc. Vec. Altamesa Este v. Municipio de San Juan*, 140 DPR 24 (1996).
[15] *Rolón Martínez v. Caldero López*, supra; *Asoc. Fcias. v. Caribe Specialty et al. II.*, supra.
[16] *Rolón Martínez v. Caldero López, Íd.*; *Asoc. Fcias. v. Caribe Specialty et al. II., Íd.*
[17] *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 892 (2008).
[18] *Íd.*

errado en la aplicación de la ley; (iii) cuando su actuación resulte ser arbitraria, irrazonable o ilegal; y, (iv) cuando la actuación administrativa lesiona derechos constitucionales fundamentales.[19]

El Tribunal Supremo ha establecido que las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el Tribunal, si se basan en evidencia sustancial que surja del expediente administrativo considerado en su totalidad.[20] La evidencia sustancial es "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión".[21] Dicho análisis requiere que la evidencia sea considerada en su totalidad, esto es, tanto la que sostenga la decisión administrativa como la que menoscabe el peso que la agencia le haya conferido.[22] Ello implica que, de existir un conflicto razonable en la prueba, debe respetarse la apreciación de la agencia.[23] Además, la norma de prueba sustancial se sostiene en la premisa de que son las agencias las que producen y determinan los hechos en los procesos administrativos y no los tribunales.[24]

Debido a la presunción de regularidad y corrección de los procedimientos y las decisiones de las agencias administrativas, quien alegue ausencia de evidencia sustancial tendrá que presentar prueba suficiente para derrotar esta presunción, no pudiendo descansar en meras alegaciones.[25] Para ello, deberá demostrar que existe otra prueba en el expediente, que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que

---

[19] *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 822 (2012), citando a *Empresas Ferrer v. ARPe*, supra.

[20] *Batista, Nobre v. Jta. Directores,* supra, 216, citando a *Pereira Suárez v. Jta. Dir. Cond.*, 182 DPR 485, 511-512 (2011); *Domínguez v. Caguas Expressway Motors,* 148 DPR 387, 397-398 (1999).

[21] *Íd.*; *Otero v. Toyota*, 163 DPR 716, 728 (2005).

[22] *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425, 437 (1997).

[23] *Hilton v. Junta de Salario Mínimo*, 74 DPR 670, 687 (1953).

[24] Fernández Quiñones, *Derecho administrativo y Ley de Procedimiento Administrativo Uniforme*, 3ra ed., Colombia, Ed. Forum, 2013.

[25] *OEG v. Martínez Giraud*, 210 DPR 79, 89 (2022); *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 128 (2019); *González Segarra v. CFSE,* 188 DPR 252, 277 (2013); *Pacheco v. Estancias*, 160 DPR 409, 431 (2003).

no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración.[26] Si la parte afectada no demuestra la existencia de otra prueba que sostenga que la actuación de la agencia no está basada en evidencia sustancial o que reduzca o menoscabe el valor de la evidencia impugnada, el Tribunal respetará las determinaciones de hecho y no sustituirá el criterio de la agencia por el suyo.[27] En cambio, las conclusiones de derecho son revisables en todos sus aspectos.[28] De esta manera, los tribunales, al realizar su función revisora, están compelidos a considerar la especialización y la experiencia de la agencia con respecto a las leyes y reglamentos que administra.[29] Así pues, si el punto de derecho no conlleva interpretación dentro del marco de la especialidad de la agencia, entonces el mismo es revisable sin limitación.[30]

Sin embargo, aun cuando el Tribunal tiene facultad para revisar en todos sus aspectos las conclusiones de derecho de una agencia, se ha establecido que ello no implica que los tribunales revisores tienen la libertad absoluta para descartarlas libremente.[31] Si del análisis realizado se desprende que la interpretación que hace una agencia de su reglamento o de la ley que viene llamada a poner en vigor resulta razonable, el Tribunal debe abstenerse de intervenir.[32]

### B. Solicitudes de Remedios Administrativos Radicadas por la Población Correccional

La División de Remedios Administrativos del Departamento de Corrección y Rehabilitación se estableció con el propósito principal de proveerles a los miembros de la población correccional un

---

[26] *Gutiérrez Vázquez v. Hernández*, 172 DPR 232, 245 (2007).
[27] *Otero v. Toyota*, supra.
[28] *García Reyes v. Cruz Auto Corp.*, supra, 894.
[29] *Asoc. Vec. de H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75-76 (2000).
[30] *Rivera v. A & C Development Corp.*, 144 DPR 450, 461 (1997).
[31] *Federation Des Ind. v. Ebel*, 172 DPR 615, 648 (2007); *López Borges v. Adm. Corrección*, 185 DPR 603, 626 (2012).
[32] *Cruz v. Administración*, 164 DPR 341, 357 (2005).

organismo administrativo al que puedan recurrir en primera instancia, y ante el cual puedan presentar una solicitud de remedio, para su atención. Ello, con el fin de minimizar las diferencias entre los miembros de la población correccional y el persona, y para evitar o reducir la presentación de pleitos en los Tribunales de Justicia.[33] A tenor, la División se encarga, esencialmente, de atender quejas y agravios de los confinados en contra del DCR o sus funcionarios sobre cualquier asunto, incluyendo áreas tales como: agresiones físicas, verbales y sexuales; propiedad de confinados; plan de recreación, ejercicios y uso de biblioteca para fines recreativos; entre otros.[34] Ahora bien, la División, asumirá jurisdicción sobre aquellas solicitudes de remedio presentadas por un miembro de la población correccional con el finde que se atienda cualquier asunto, relacionado a su confinamiento, que lo afecte personalmente en su bienestar físico o mental, calidad de vida, seguridad o plan institucional.[35] Se entenderá que una solicitud es fútil o insustancial cuando se radique sin méritos y no propicie la concesión de un remedio al amparo del Reglamento Núm. 8583.[36] Habida cuenta de ello, los miembros de la población correccional serán responsables de presentar las solicitudes de remedio en forma clara, concisa y honesta.[37]

III

En el presente caso, el recurrente nos solicita que ordenemos a que nos informen las razones por las cuales no le están incluyendo pan integral en la cena, y que orientemos a las compañías encargadas de distribuir los alimentos en la institución carcelaria

---

[33] Introducción del Reglamento para Atender Solicitudes de Remedios Administrativos Radicados por los Miembros de la Población Correccional, Reglamento Núm. 8583 del 4 de mayo de 2015.
[34] Introducción del Reglamento Núm. 8583, *supra.*
[35] *Íd.*, Reglas IV (24) y VI (1) (a); *Vargas Serrano v. Inst. Correccional,* 198 DPR 230, 243 (2017).
[36] Regla IV (25) del Reglamento Núm. 8583, *supra.*
[37] *Íd.* Regla VII (1).

en la cual que se encuentra que supervisen las dietas de los confinados para que lleguen completas.

Tras examinar el recurso ante nuestra consideración, así como el expediente administrativo y las posturas de las partes, colegimos que no amerita que intervengamos con la respuesta emitida por el DCR.

Conforme esbozamos en nuestra previa exposición doctrinal, al ejercer nuestra facultad revisora, debemos conceder una gran deferencia a las decisiones emitidas por los organismos administrativo, puesto que ostentan vasta experiencia y conocimiento en los asuntos que le han sido encomendados.[38] Por ello, si del análisis realizado se desprende que la interpretación que hace una agencia resulta razonable, debemos abstenernos de intervenir.[39] Ahora bien, se justificará nuestra intervención cuando: (i) la decisión no esté basada en evidencia sustancial; (ii) la agencia haya errado en la aplicación de la ley; (iii) su actuación resulte ser arbitraria, irrazonable o ilegal, y cuando (iv) la actuación administrativa lesiona derechos constitucionales fundamentales.[40]

Puntualizamos que, el DCR, luego de evaluar la *Solicitud de Remedio Administrativo* presentada por el recurrente, determinó desestimarla por fútil. En reconsideración a su respuesta, el DCR explicó que el supervisor de alimentos de la institución correccional no tenía el referido para la dieta alta en fibra y sin irritantes que se le había asignado al recurrente. De manera que remendó verificar con el área médica si en efecto se realizó la renovación de la dieta, para que procedieran a enviarla al área de la cocina. En vista de lo antes expuesto, coincidimos que la respuesta de la agencia fue una

---

[38] *Rolón Martínez v. Caldero López*, supra; *Asoc. Fcias. v. Caribe Specialty et al. II.*, supra.
[39] *The Sembler Co. v. Mun. de Carolina*, supra, 822, citando a *Empresas Ferrer v. ARPe*, supra.
[40] *Cruz v. Administración*, supra, 357.

razonable, puesto que, según adelantamos, no intervendremos con la determinación emitida por la agencia.

IV

Por los fundamentos que anteceden, se *confirma* la determinación recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones