Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| VÍCTOR M. AYALA TANCO<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida | KLRA202400274 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso número: 148158<br><br>Sobre:<br>No concesión del privilegio de libertad bajo palabra – volver a considerar |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 11 de julio de 2024.

Comparece ante nos, por derecho propio, la parte recurrente, Víctor M. Ayala Tanco, mediante un recurso de revisión judicial, y solicita que revisemos una *Resolución* emitida por la parte recurrida, la Junta de Libertad Bajo Palabra, el 11 de diciembre de 2023, archivada en autos el día siguiente, notificada mediante correo ordinario el 21 del mismo mes y año a la entonces representación legal del recurrente. Mediante dicho dictamen, la agencia denegó el privilegio de libertad bajo palabra a la parte recurrente.

Posteriormente, la parte recurrida presentó ante nos una *Solicitud de Desestimación*.

Por los fundamentos que expondremos a continuación, se declara Ha Lugar la referida solicitud y, en su consecuencia, se desestima el presente recurso por falta de jurisdicción.

Número Identificador

SEN2024 _____

**I**

Actualmente, Víctor M. Ayala Tanco (Ayala Tanco o recurrente) se encuentra cumpliendo una sentencia en la Institución Correccional Ponce Principal desde el 11 de mayo de 2022.[1] Luego de varias incidencias procesales, el 15 de noviembre de 2023, el recurrente acudió ante la Junta de Libertad Bajo Palabra (Junta o recurrido), acompañado de su representación legal, para la celebración de una vista de consideración con el fin de evaluar la concesión del privilegio de libertad bajo palabra.[2]

Evaluada la documentación que obraba en el expediente administrativo, incluyendo los informes, evaluaciones y expedientes referidos por el Departamento de Corrección y Rehabilitación, el 11 de diciembre de 2023, archivada en autos el día siguiente, y notificada a la representación legal del recurrente mediante correo ordinario el 21 del mismo mes y año, la Junta denegó el privilegio de libertad bajo palabra a la parte recurrente.[3] En específico, la agencia desglosó las siguientes determinaciones de hechos:

1. Del expediente surge que el peticionario se encuentra clasificado en custodia mínima desde el 26 de mayo de 2023. [...]
2. Del expediente surge, que el peticionario posee antecedente[s] penal[es] previos (reincidencia por Ley de Armas).
3. Del expediente no surge oferta de empleo.
4. Del expediente no surge informe de evaluación psicológica reciente por SPEA. Dicha evaluación es necesaria tratándose de delitos de carácter violento y extremo.
5. El recurso familiar propuesto[,] cuando fue investigado[,] no hizo expresión clara de si acepta o no al peticionario en su hogar. Por lo que el hogar no conocemos si es viable[.][4]

Al considerar todos los factores presentes en el caso, la Junta concluyó que Ayala Tanco no cualificaba para beneficiarse del privilegio de libertad bajo palabra.[5] Expresó que deseaba observar

---

[1] Apéndice del recurso, pág. 9.
[2] Íd.
[3] Íd., págs. 9-12.
[4] Íd., pág. 9.
[5] Íd., pág. 10.

los ajustes del recurrente por un tiempo adicional.[6] Señaló que el caso volvería a ser considerado en noviembre de 2024.[7]

En desacuerdo, el 9 de enero de 2024, recibido por la Junta el 12 del mismo mes y año, la representación legal de Ayala Tanco solicitó la reconsideración de la mencionada determinación.[8]

Transcurrido el término aplicable para que la Junta respondiera la solicitud instada por Ayala Tanco sin que esta lo hiciera, el 29 de abril de 2024, recibida el 28 de mayo del mismo año, la parte recurrente acudió ante nos mediante el recurso de epígrafe. En particular, esbozó el siguiente señalamiento de error:

> Err[ó] la Junta de Libertad Bajo Palabra al no exponer su posición en cuanto a la solicitud de reconsideración presentada a favor de este [recurrente], esto para que con[s]tara en el r[é]cord de este organismo sobre *[sic]* los errores marcados, en la que s[í] se present[ó] la evidencia fe[h]aciente[,] [la] cual rebatiera los mismos, [p]or lo que transcurrier[o]n los t[é]rminos y no hubo pronunciación alguna.

Luego de varios trámites procesales, el 3 de julio de 2024, la parte recurrida instó una *Solicitud de Desestimación.* Indicó que la Junta no había considerado la solicitud de reconsideración promovida por el recurrente dentro de los quince (15) días calendario desde la fecha de presentación de la moción. En esencia, sostuvo que, al evaluar el término jurisdiccional que tenía la parte recurrente para presentar su recurso de revisión judicial, era evidente que este Foro carecía de jurisdicción para atenderlo por haberse presentado tardíamente. En vista de ello, solicitó la desestimación del presente recurso.

Con el beneficio de la copia certificada del expediente administrativo, así como de los documentos que obran en autos, procedemos a resolver.

---

[6] Apéndice del recurso, pág. 10.
[7] Íd., pág. 11.
[8] Íd., págs. 13-16. Véase, además, expediente administrativo, págs. 19-22.

## II

## A

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subasta ASG*, 2024 TSPR 24, 213 DPR ___ (2024); *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves,* 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la

controversia. *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69, resuelto el 21 de junio de 2024; *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.*; *Pueblo v. Ríos Nieves*, supra; *FCPR v. ELA et al.*, supra.

Una de las ocasiones en que un tribunal carece de jurisdicción, es cuando se presenta un recurso tardío o prematuro. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Un recurso tardío es el que se presenta pasado el término provisto para recurrir. *Íd.*; *Yumac Home v. Empresas Massó*, 194 DPR 96 (2015); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). Al igual que un recurso presentado tardíamente, un recurso prematuro adolece del grave e insubsanable defecto de falta de jurisdicción. *Pueblo v. Ríos Nieves*, supra. Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.

La Regla 57 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 57, establece que el plazo para presentar el recurso de revisión será dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. De otro lado, el mismo Reglamento, en su Regla 83, 4 LPRA Ap. XXII-B, R. 83, dispone que este Tribunal tiene la facultad para, a iniciativa propia o a petición de parte, desestimar un recurso por falta de jurisdicción.

**B**

Sabido es que la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.* (LPAU), regula lo concerniente a la revisión judicial de las órdenes o resoluciones finales de los organismos

administrativos. El Tribunal Supremo de Puerto Rico ha expresado que el derecho a cuestionar dichas determinaciones es parte del debido proceso de ley cobijado por nuestra Constitución. *ACT v. Prosol et als.*, 210 DPR 897 (2022); *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014), citando a *Picorelli López v. Depto. de Hacienda*, 179 DPR 720, 736 (2010).

Conforme a lo anterior, una parte adversamente afectada por una orden o resolución final de una agencia, que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones. Sección 4.2 de la LPAU, 3 LPRA sec. 9672; *Miranda Corrada v. DDEC et al.*, 211 DPR 738 (2023).

Según la Sección 4.2 de la LPAU, *supra*, el término jurisdiccional para acudir al foro apelativo mediante revisión judicial es de treinta (30) días. Dicho término comienza a transcurrir a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o desde que se interrumpa ese término mediante la presentación oportuna de una moción de reconsideración ante la agencia dentro del término jurisdiccional de veinte (20) días. *Íd.*

En lo pertinente al caso de autos, la Sección 3.15 de la LPAU, 3 LPRA sec. 9655, provee para que se pueda solicitar la reconsideración de la determinación ante la agencia administrativa. En particular, dicho articulado establece lo siguiente:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días,

según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tornar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.

Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envío por medio electrónico de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico, según corresponda. *Íd.*

Sobre ese particular, recientemente nuestro Tribunal Supremo expresó en *ACT v. Prosol et als.*, supra, pág. 917, que las agencias administrativas no están facultadas para, mediante determinación administrativa, variar unilateralmente el término jurisdiccional de veinte (20) días con el que cuenta una parte adversamente afectada para radicar una moción de reconsideración ante la propia agencia. Ello, con excepción de que tal determinación esté respaldada por una declaración oficial del Gobernador de Puerto Rico quien posee la facultad de ordenar la concesión de un día de fiesta a todos los empleados, empleadas y agencias de la Rama Ejecutiva. *ACT v. Prosol et als.*, supra.

En lo aquí atinente, la Sección 15.1 del Artículo XV del Reglamento de la Junta de Libertad Bajo Palabra, Reglamento Núm. 9232 del 18 de noviembre de 2020 (Reglamento Núm. 9232), dispone que toda persona adversamente afectada, por una resolución u orden parcial o final, podrá solicitar a la Junta de Libertad Bajo Palabra reconsideración sobre la misma, dentro de un término de veinte (20) días calendario desde la fecha de archivo en

autos de la notificación del dictamen en cuestión. Asimismo, establece que dicho organismo administrativo deberá considerar la solicitud de reconsideración dentro de los quince (15) días calendario desde la fecha de presentación de la moción. En el caso en que la agencia rechazare la solicitud de plano o no actuare dentro del mencionado plazo, el término jurisdiccional de treinta (30) días para solicitar una revisión judicial ante el Tribunal de Apelaciones comenzará a transcurrir nuevamente desde que se notifique la denegatoria o desde que expiren los quince (15) días, según sea el caso.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

### III

De conformidad con los hechos del caso de epígrafe, el recurrente acudió ante esta Curia tardíamente. Según el expediente ante nos, así como la copia certificada del expediente administrativo, la Junta emitió la *Resolución* que nos ocupa el 11 de diciembre de 2023, archivado en autos el día siguiente. Dicho dictamen fue notificado mediante correo ordinario el 21 de diciembre de 2023, según se desprende del matasellos de la Oficina del Correo Postal en el sobre, al igual que de la solicitud de reconsideración instada por la representación legal de la parte recurrente.[9] Posteriormente, el 9 de enero de 2024, recibido por la Junta el 12 del mismo mes y año, el recurrente, a través de su representación legal, presentó una moción de reconsideración ante la Junta. Al no recibir respuesta alguna de la agencia, el recurrente acudió ante este Tribunal el 29 de abril de 2024, según aparece firmado por este.[10]

---

[9] Véase, expediente administrativo, págs. 19 y 49.
[10] Cabe destacar que, si bien el recurso tiene el ponche de recibo de la Institución Correccional Ponce Principal, esta no cuenta con fecha cierta, por lo que utilizaremos como referencia la fecha suscrita por el recurrente.

Al calcularse los días, según las alegaciones y documentación ante nuestro haber, la Junta tenía hasta el lunes, 29 de enero de 2024, sin contar el sábado y domingo inmediatamente anteriores, para acoger la moción de reconsideración. Al no recibir respuesta, el recurrente tenía hasta el miércoles, 28 de febrero de 2024, para presentar una revisión judicial ante este Foro. No obstante, el recurrente acudió ante este Tribunal el 29 de abril de 2024, por lo que resulta evidente que nos encontramos ante un recurso tardío, frente al cual carecemos de jurisdicción.

En virtud de lo anterior, habiendo acudido ante este Foro tardíamente, no podemos sino declarar nuestra falta de jurisdicción sobre el recurso de autos y, a su vez, declarar Ha Lugar la moción de desestimación promovida por la parte recurrida.

**IV**

Por los fundamentos que anteceden, declaramos Ha Lugar la *Solicitud de Desestimación* presentada por la parte recurrida y, en su consecuencia, desestimamos el presente recurso por falta de jurisdicción.

Notifíquese a las partes. El Administrador de Corrección deberá entregar copia de esta *Sentencia* al confinado, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones