Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EMMANUEL FUENTES ENRÍQUEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN, DEPARTAMENTO DE HACIENDA DE PUERTO RICO<br><br>Recurridos | KLRA202400655 | *REVISIÓN ADMINISTRATIVA* procedente de la División de Remedios Administrativos<br><br>Caso número: Q-464-24<br><br>Sobre: Estímulo económico |

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 17 de diciembre de 2024.

Comparece ante nos, por derecho propio, la parte recurrente, Emmanuel Fuentes Enríquez, mediante revisión judicial y solicita que revisemos la determinación emitida por el Departamento de Corrección y Rehabilitación el 29 de julio de 2024, notificada el 1 de agosto del mismo año.[1]

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de revisión judicial, por falta de jurisdicción. Veamos.

# I

El 24 de julio de 2024, Emmanuel Fuentes Enríquez (Fuentes Enríquez o recurrente) instó una *Solicitud de Remedios Administrativos* ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR o recurrido).[2]

---

[1] Junto a su recurso, el recurrente presentó una *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia*. Evaluado lo anterior, eximimos al recurrente del pago de arancel por razón de indigencia.
[2] Véase, *Resolución* del 16 de septiembre de 2024 en el apéndice del recurso, pág. 1.

Número Identificador

SEN2024 _____

Luego de varios trámites procesales, y evaluada la solicitud, el 29 de julio de 2024, notificada el 1 de agosto del mismo año, la División de Remedios Administrativos del DCR emitió la *Resolución* que nos ocupa.[3] En desacuerdo, el 2 de agosto de 2024, recibida el 16 del mismo mes y año, Fuentes Enríquez presentó una *Solicitud de Reconsideración*,[4] la cual fue acogida para evaluación por la agencia el 6 de septiembre de 2024.[5]

Atendida la reconsideración, el 16 de septiembre de 2024, notificada el 26 del mismo mes y año, la División de Remedios Administrativos del DCR emitió una *Resolución*, mediante la cual confirmó y amplió la determinación recurrida.[6]

Inconforme, el 14 de noviembre de 2024, recibida en la Secretaría de este Tribunal el 26 del mismo mes y año, la parte recurrente compareció ante nos mediante el presente recurso. Expresó estar insatisfecho con la determinación del DCR y, en esencia, reiteró sus planteamientos esbozados en la *Solicitud de Remedios Administrativos*.

Hemos examinado con detenimiento el escrito y el apéndice sometido por la parte recurrente, y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5). Resolvemos.

## II

### A

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subasta ASG*, 2024 TSPR 24, 213 DPR ___ (2024); *FCPR v. ELA*

---

[3] Véase, *Resolución* del 16 de septiembre de 2024 en el apéndice del recurso.
[4] Véase, *Solicitud de Reconsideración* en el apéndice del recurso.
[5] Véase, *Respuesta de Reconsideración al Miembro de la Población Correccional* en el apéndice del recurso.
[6] Véase, *Resolución* del 16 de septiembre de 2024 en el apéndice del recurso.

*et al.,* 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.,* 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subasta ASG,* supra; *Pueblo v. Torres Medina,* 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves,* 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69, resuelto el 21 de junio de 2024; *R&B Power, Inc. v. Junta de Subasta ASG,* supra; *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con

preferencia. *Íd.*; *Pueblo v. Ríos Nieves,* supra; *FCPR v. ELA et al.,* supra.

**B**

Sabido es que la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.* (LPAU), regula lo concerniente a la revisión judicial de las órdenes o resoluciones finales de los organismos administrativos. El Tribunal Supremo de Puerto Rico ha expresado que el derecho a cuestionar dichas determinaciones es parte del debido proceso de ley cobijado por nuestra Constitución. *ACT v. Prosol et als.*, 210 DPR 897 (2022); *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014), citando a *Picorelli López v. Depto. de Hacienda*, 179 DPR 720, 736 (2010).

Conforme a lo anterior, una parte adversamente afectada por una orden o resolución final de una agencia, que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones. Sección 4.2 de la LPAU, 3 LPRA sec. 9672; *Miranda Corrada v. DDEC et al.*, 211 DPR 738 (2023).

Según la Sección 4.2 de la LPAU, *supra,* el término jurisdiccional para acudir al foro apelativo mediante revisión judicial es de treinta (30) días. Dicho término comienza a transcurrir a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o desde que se interrumpa ese término mediante la presentación oportuna de una moción de reconsideración ante la agencia dentro del término jurisdiccional de veinte (20) días. *Íd.*

Por otro lado, la Sección 3.15 de la LPAU, 3 LPRA sec. 9655, provee para que se pueda solicitar la reconsideración de la

determinación ante la agencia administrativa. En particular, dicho

articulado establece lo siguiente:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tornar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.

> Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envío por medio electrónico de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico, según corresponda. *Íd.*

Sobre ese particular, recientemente nuestro Tribunal Supremo expresó en *ACT v. Prosol et als.*, supra, que las agencias administrativas no están facultadas para, mediante determinación administrativa, variar unilateralmente el término jurisdiccional de veinte (20) días con el que cuenta una parte adversamente afectada para radicar una moción de reconsideración ante la propia agencia. Ello, con excepción de que tal determinación esté respaldada por una declaración oficial del Gobernador de Puerto Rico quien posee la facultad de ordenar la concesión de un día de fiesta a todos los

empleados, empleadas y agencias de la Rama Ejecutiva. *ACT v. Prosol et als.*, supra, págs. 22-23.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

Siendo tardío el recurso de revisión judicial que nos ocupa, estamos impedidos de entender sobre la controversia que plantea. La parte recurrente cuestiona los méritos de una determinación administrativa notificada el 1 de agosto de 2024. A partir de esa fecha, disponía de un término jurisdiccional de veinte (20) días para solicitar la reconsideración de esta. En el caso de autos, la parte recurrida presentó oportunamente una *Solicitud de Reconsideración* el 2 de agosto de 2024. Posteriormente, el DCR acogió para evaluación la moción de reconsideración el 6 de septiembre del mismo año. Atendido el petitorio del recurrente, el 16 de septiembre de 2024, notificada el 26 del mismo mes y año, el organismo administrativo emitió una *Resolución* en la que, en esencia, declaró No Ha Lugar la *Solicitud de Reconsideración*. Desde la fecha de notificación comenzó a decursar el término jurisdiccional de treinta (30) días para acudir ante esta Curia mediante revisión judicial.

Por tanto, de conformidad con el cómputo aplicable, en el escenario aquí contemplado, la parte recurrente disponía hasta en o antes del lunes, 28 de octubre de 2024 para someter ante nos su revisión judicial.[7] Sin embargo, dicha gestión se produjo el 14 de noviembre de 2024, recibida en la Secretaría de esta Curia el 26 del mismo mes y año. Ello, vencido el término fatal aplicable. Siendo así, el recurso de autos resulta ser tardío. Por tanto, habiendo

---

[7] Cabe destacar que el término jurisdiccional de treinta (30) días venció el sábado, 26 de octubre de 2024. Ahora bien, el próximo día hábil fue el lunes, 28 de octubre de 2024.

acudido ante este Foro tardíamente, no podemos sino declarar nuestra falta de jurisdicción sobre el recurso de autos.

**IV**

Por los fundamentos que anteceden, desestimamos el presente recurso de revisión judicial, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones