Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| MIGUEL A. RODRÍGUEZ GONZÁLEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202500335 | *Revisión* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: GMA1000-223-25<br><br>Sobre: Solicitud de Remedios Administrativos |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de junio de 2025.

Comparece Miguel A. Rodríguez González (en adelante, recurrente) mediante un recurso de revisión, para solicitarnos la revisión de la *Respuesta al miembro de la población correccional* (Respuesta) emitida por el Departamento de Corrección y Rehabilitación (en adelante, DCR).[1] Mediante la *Respuesta* recurrida, el DCR dispuso que el recurrente debía presentar una moción al Tribunal. Sobre dicha *Resolución,* el 27 de mayo de 2025, el recurrente presentó solicitud de reconsideración. Atendida la solicitud de reconsideración, mediante *Respuesta de reconsideración al miembro de la población correccional,* notificada al recurrente el 27 de mayo de 2025, el DCR denegó lo solicitado, empero, modificó la contestación del Área de Récord y dispuso que es el Tribunal el llamado a realizar enmiendas a su sentencia, si fuese esa la situación.

---

[1] Expediente Administrativo Núm. GMA100-223-25*,* a las págs. 8-9.

Número Identificador

SEN2025_____

Por los fundamentos que expondremos, se *confirma* la *Respuesta* recurrida.

I

Surge de los autos ante nuestra consideración que, el 18 de febrero de 2025, el recurrente presentó ante el DCR una *Solicitud de remedio administrativo*. Expuso que fue sentenciado a cumplir seis años (6) concurrentes con otros seis (6) años, pero que el DCR tiene en sus récords que tiene que cumplir doce (12) años, como si la sentencia impuesta fuese consecutiva. A tenor, solicitó que se hiciera el arreglo pertinente conforme fue sentenciado.

Examinada la solicitud, el 24 de abril de 2025, el DCR le notificó al recurrente su *Respuesta*.[2] Mediante la *Respuesta* emitida, el DCR le expresó al recurrente lo siguiente: "Deberá realizar una moción al Tribunal referente al caso."[3]

Insatisfecho con la *Respuesta*, el 29 de abril de 2025, el recurrente suscribió una *Solicitud de reconsideración*.[4] Insistió en que se realizara el arreglo pertinente.

De ahí, el 27 de mayo de 2025, el DCR notificó su *Respuesta de reconsideración al miembro de la población correccional*.[5]  En su dictamen dispuso:

> Luego de evaluar la Solicitud de Reconsideración se determinó modificar la contestación del Área de Récord.
>
> Sr. Rodríguez González, en su Solicitud de Remedio usted expresó su interés en que se realice una corrección en su sentencia. El caso fue discutido en el área de Récord. Le dejo saber que del documento de sentencia surge que debe cumplir el término de 12 años en la institución penal. El Tribunal es quien est[á] llamado a realizar enmiendas a dicho documento, si es[a] fuera la situación. Se orienta a realizar un escrito al Tribunal Sentenciador y en su momento puedan atender su solicitud, de ese ser el curso a seguir.

---

[2] Expediente Administrativa Núm. GMA100-223-25, a las págs. 8-9.

[3] *Íd.,* a la pág. 9.

[4] *Íd.,* a la pág. 10. Puntualizamos que según consta del Expediente administrativo, la solicitud fue recibida por el DCR el 21 de mayo de 2025, y posteriormente, se emitió una certificación, haciendo constar la presentación de la referida solicitud, con fecha del 27 de mayo de 2025.

[5] *Íd.,* a las págs. 12-13.

En desacuerdo, el 5 de junio de 2025, compareció ante nos el recurrente mediante un recurso de revisión en el cual esgrimió los siguientes dos (2) señalamientos de error:

Primer Error:

Err[ó] el Departamento de Correcci[ó]n y Rehabilitaci[ó]n [al] no realizar su cometido porque para eso se le encomend[ó] esas funciones al [á]rea de récord y sociales[.]

Segundo Error:

Err[ó] el Departamento de Correcci[ó]n y Rehabilitaci[ó]n [al] pretender que cumpla mi sentencia consecutiva lo cual es totalmente ilegal[.] [L]a sentencia tiene que ser cumplida como fue dictada[,] no puede ser alterada[.]

El [á]rea de r[é]cord y sociales est[á]n empeñadas en tra[s]tocar mi sentencia[.]

Junto al recurso instado, el recurrente presentó, además, una *Solicitud y declaración para que se me exima de pago de arancel por razón de indigencia.*

Mediante *Resolución* emitida el 9 de junio de 2025, concedimos a la Administración de Corrección hasta el 13 de junio de 2025, para presentar copia certificada del Expediente Administrativo Número GMA1000-223-25. Además, concedimos al DCR, por conducto de la Oficina del Procurador General hasta el 19 de junio de 2025, para exponer su posición en cuanto al recurso. Por otro lado, autorizamos al recurrente a litigar como indigente en este caso.

En cumplimiento con lo ordenado, el 13 de junio de 2025, compareció el DCR por conducto de la Oficina del Procurador General para presentar copia certificada del expediente administrativo. Así las cosas, el 20 de junio de 2025, compareció el DCR, por conducto de la Oficina del Procurador General, para solicitar un término adicional para cumplir con nuestra *Resolución* del 9 de junio de 2025. En respuesta, mediante *Resolución* emitida el 23 de junio de 2025, le concedimos hasta el 25 de junio de 2025,

a las 12:00 p.m. Por otro lado, el 25 de junio de 2025, compareció el DCR, por conducto de la Oficina del Procurador General para presentar su *Escrito en cumplimiento de Resolución y solicitud de desestimación.* Con el beneficio de la comparecencia de ambas partes procederemos a exponer el derecho aplicable.

## II

### A. Revisión Judicial

El Tribunal Supremo de Puerto Rico ha sostenido que el derecho a cuestionar la determinación de una agencia, mediante revisión judicial, es parte del debido proceso de ley protegido por la Constitución de Puerto Rico.[6] El Artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico[7] otorga competencia apelativa al Tribunal de Apelaciones para revisar las decisiones, órdenes y resoluciones finales de las agencias administrativas.[8] La revisión judicial de las decisiones administrativas tiene como fin delimitar la discreción de los organismos administrativos, para asegurar que ejerzan sus funciones conforme a la ley y de forma razonable.[9] Esta doctrina dispone que corresponde a los tribunales examinar si las decisiones de las agencias administrativas fueron tomadas dentro de los poderes delegados, y si son compatibles con la política pública que las origina.[10]

A esos efectos, la revisión judicial comprende tres (3) aspectos: (i) la concesión del remedio apropiado; (ii) la revisión de las determinaciones de hecho conforme al criterio de evidencia sustancial, y (iii) la revisión completa y absoluta de las conclusiones

---

[6] *Asoc. Condómines v. Meadow Dev.*, 190DPR 843, 847 (2014); *Picorelli López v. Depto. de Hacienda*, 179 DPR 720, 736 (2010).
[7] Ley Núm. 201-2003, 4 LPRA sec. 24y(c).
[8] *Asoc. Condómines v. Meadows Dev.,* supra, a la pág. 847.
[9] *Empresas Ferrer v. ARPe,* 172 DPR 254, 264 (2007).
[10] *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018).

de derecho.[11] Nuestro Alto Foro ha establecido que el derecho a una notificación adecuada concede a las partes la oportunidad de tomar conocimiento real de la acción tomada por la agencia. Además, otorga a las personas, cuyos derechos pudieran quedar afectados, la oportunidad para decidir si ejercen los remedios que la ley les reserva para impugnar la determinación.[12]

Es norma sabida que los tribunales apelativos, al ejercer su función revisora, deben conceder una gran deferencia a las decisiones emitidas por las agencias, debido a la vasta experiencia y conocimiento especializado en los asuntos que les han sido encomendados.[13] Igualmente, el Alto Foro ha enfatizado que los tribunales, aplicando el criterio de razonabilidad y deferencia, no deben alterar las determinaciones de las agencias.[14] En mérito de lo anterior, los tribunales deben ser cautelosos al intervenir con las conclusiones e interpretaciones de los organismos administrativos especializados.[15] Ahora bien, lo anterior únicamente surtirá efecto si la decisión se basa en evidencia sustancial que obra en el expediente administrativo.[16] En cuanto a la evidencia sustancial, se ha definido como "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión".[17] Dicho análisis requiere que la evidencia sea considerada en su totalidad, esto es, tanto aquella que sostenga la decisión administrativa como la que menoscabe el peso que la agencia le haya conferido.[18] Ello, implica que, de existir un conflicto razonable en la prueba, debe respetarse la apreciación de la

---

[11] *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 217 (2012), citando a *Asoc. Fcias. V. Caribe Specailty et al. II,* 179 DPR 923, 940 (2010); *Mun. de San Juan v. JCA*, 149 DPR 263, 279-280 (1999).
[12] *Asoc. Vec. Altamesa Este v. Mun. de San Juan,* 140 DPR 24, 34 (1996).
[13] *Rolón Martínez v. Supte. Policía,* supra, a la pág. 35.
[14] *Íd.*
[15] *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 892 (2008).
[16] *Otero v. Toyota*, 163 DPR 716, 727 (2005).
[17] *Batista, Nobbe v. Jta. Directores,* supra, a la pág. 216; *Otero v. Toyota*, supra, a la pág. 728.
[18] *Assoc. Ins. Agencies, Inc. v. Com. Seg. PR*, 144 DPR 425, 437 (1997).

agencia.[19] Además, la norma de prueba sustancial se sostiene en la premisa de que son las agencias las que producen y determinan los hechos en los procesos administrativos, y no los tribunales.[20]

Debido a la presunción de regularidad y corrección de los procedimientos y las decisiones de las agencias administrativas, quien alegue ausencia de evidencia sustancial tendrá que presentar prueba suficiente para derrotar esta presunción, no pudiendo descansar en meras alegaciones.[21] Para ello, deberá demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración.[22] Si la parte afectada no demuestra la existencia de otra prueba que sostenga que la actuación de la agencia no está basada en evidencia sustancial o que reduzca o menoscabe el valor de la evidencia impugnada, el Tribunal respetará las determinaciones de hecho, y no sustituirá el criterio de la agencia por el suyo.[23] En cambio, las conclusiones de derecho son revisables en todos sus aspectos.[24] Lo anterior fue reiterado por nuestro Tribunal Supremo cuando expresó que "al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos."[25] En esta tarea, los tribunales están compelidos a considerar la especialización y la experiencia de la agencia con respecto a las leyes y reglamentos que administra.[26] Así pues, si el

---

[19] *Hilton v. Junta de Salario Mínimo*, 74 DPR 670, 687 (1953).

[20] Fernández Quiñones, *Derecho administrativo y Ley de Procedimiento Administrativo Uniforme*, 3ra ed., Colombia, Ed. Forum, 2013.

[21] *OEG v. Martínez Giraud*, 210 DPR 79, 89 (2022); *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 128 (2019); *González Segarra et al. v. CFSE*, 188 DPR 252, 277 (2013); *Pacheco v. Estancias*, 160 DPR 409, 431 (2003).

[22] *Gutiérrez Vázquez v. Hernández y otros*, 172 DPR 232, 244 (2007).

[23] *Otero v. Toyota*, supra, a la pág. 728.

[24] *García Reyes v. Cruz Auto Corp.*, supra, a la pág. 894.

[25] *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros*, 2025 TSPR 56, 215 DPR ___ (2025).

[26] *Asoc. Vec. H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75-76 (2000).

fundamento de derecho no conlleva interpretación dentro del marco de la especialidad de la agencia, entonces el mismo es revisable en toda su extensión.[27]

Sin embargo, aun cuando el Tribunal tiene facultad para revisar en todos sus aspectos las conclusiones de derecho de una agencia, se ha establecido que ello no implica que los tribunales revisores tienen la libertad absoluta para descartarlas libremente.[28] Si del análisis realizado se desprende que la interpretación que hace una agencia de su reglamento o de la ley que viene llamada a poner en vigor resulta razonable, el Tribunal debe abstenerse de intervenir.[29] Ahora bien, la deferencia reconocida a las decisiones de las agencias administrativas cede en algunas situaciones: (i) cuando la decisión no esté basada en evidencia sustancial; (ii) cuando la agencia haya errado en la aplicación de la ley; (iii) cuando su actuación resulte ser arbitraria, irrazonable o ilegal; y, (iv) cuando la actuación administrativa lesiona derechos constitucionales fundamentales.[30] Entiéndase que, aunque los tribunales están llamados a conceder deferencia a las decisiones administrativas, tal norma no es absoluta. Ello, puesto a que no puede imprimírsele un sello de corrección automático, bajo el pretexto de deferencia, a determinaciones o interpretaciones administrativas que son irrazonables, ilegales o contrarias a derecho.[31]

### B. Solicitud es de Remedios Administrativos por la Población Correccional.

La División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (División) se estableció con el propósito principal de proveerles a los miembros de la población correccional

---

[27] *Rivera v. A & C Development Corp.*, 144 DPR 450, 461 (1997).
[28] *Federation Des Ind. v. Ebel*, 172 DPR 615, 648 (2007); *López Borges v. Adm. Corrección*, 185 DPR 603, 626 (2012).
[29] *Cruz v. Administración*, 164 DPR 341, 357 (2005).
[30] *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 822 (2012), citando a *Empresas Ferrer v. ARPe*, supra.
[31] *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, 213 DPR 743 (2024).

un organismo administrativo al cual puedan recurrir en primera instancia, mediante una solicitud de remedio. Ello, con el fin de minimizar las diferencias entre los miembros de la población correccional y el personal, y para evitar o reducir la presentación de pleitos en los Tribunales de Justicia.[32] A tenor, la División se encarga, esencialmente, de atender quejas y agravios de los confinados, en contra del DCR o sus funcionarios, sobre asuntos tales como: (i) agresiones físicas, verbales y sexuales; (ii) propiedad de confinados; (iii) plan de recreación; (iv) ejercicios; (v) uso de biblioteca para fines recreativos, entre otros.[33]

Ahora bien, la División, asumirá jurisdicción sobre aquellas solicitudes de remedio presentadas por un miembro de la población correccional con el fin de que se atienda un asunto relacionado a su confinamiento, que lo afecte personalmente en su bienestar físico o mental, calidad de vida, seguridad o plan institucional.[34] A esos efectos, se entenderá que una solicitud es fútil o insustancial cuando se radique sin méritos y no propicie la concesión de un remedio al amparo del Reglamento Núm. 8583.[35] Particularmente, la Regla XIII del referido reglamento, dispone que el evaluador de la solicitud tendrá la facultad para desestimarla cuando el miembro de la población correccional emita opiniones que no estén dirigidas a remediar una situación relacionada con su confinamiento.[36] Habida cuenta de ello, los miembros de la población correccional serán responsables de presentar las solicitudes de remedio en forma clara, concisa y honesta.[37]

---

[32] Introducción del Reglamento para Atender Solicitudes de Remedios Administrativos Radicados por los Miembros de la Población Correccional, Reglamento Núm. 8583 del 4 de mayo de 2015.
[33] *Íd.*
[34] Reglas IV (24) y VI (1)(a) del Reglamento Núm. 8583, *supra*; *Vargas Serrano v. Inst. Correccional*, 198 DPR 230, 243 (2017).
[35] Regla IV (25) del Reglamento Núm. 8583.
[36] *Íd.,* Regla XIII (5)(g).
[37] *Íd.,* Regla VII (1).

## III

En síntesis, el recurso de revisión ante nuestra consideración versa sobre la insatisfacción del recurrente con lo resuelto por el DCR al determinar que, de acuerdo con su sentencia condenatoria, debía cumplir doce (12) años en la institución penal y que era el Tribunal el llamado a evaluar una solicitud para modificar la misma, de proceder.

Por otro lado, el DCR, aduce que el recurso debe ser desestimado tras razonar que el recurrente omitió documentos en el apéndice necesarios para ejercer nuestra función revisora. Tras examinar el recurso ante nuestra consideración, así como el expediente administrativo y las posturas de las partes, colegimos que no le asiste razón al DCR. Sin embargo, tampoco amerita que intervengamos con la respuesta emitida por el DCR.

Conforme esbozamos en nuestra previa exposición doctrinal, al ejercer nuestra facultad revisora, si del análisis realizado se desprende que la interpretación que hace una agencia resulta razonable, debemos abstenernos de intervenir.[38] Ahora bien, se justificará nuestra intervención cuando: (i) la decisión no esté basada en evidencia sustancial; (ii) la agencia haya errado en la aplicación de la ley; (iii) su actuación resulte ser arbitraria, irrazonable o ilegal, y cuando (iv) la actuación administrativa lesiona derechos constitucionales fundamentales.[39]

Un análisis del expediente nos lleva a concluir que la solicitud del recurrente para que se modificara su sentencia no está comprendida dentro de las facultades del DCR ni propicia la concesión de un remedio al amparo del Reglamento Núm. 8583, toda vez que no incide sobre un asunto relacionado a su confinamiento o

---

[38] *The Sembler Co. V. Mun. de Carolina*, supra, a la pág. 822, citando a *Empresas Ferrer v. ARPe*, supra, a la pág. 264.
[39] *Cruz v. Administración*, supra, a la pág. 357.

custodia bajo el DCR. Más bien, la solicitud realizada por el recurrente, para que se modificara o corrigiera su sentencia, es una cuestión que le corresponde exclusivamente a los tribunales.[40] Lo anterior, tal y cual dispuso el DCR.

En vista de lo antes expuesto, coincidimos que la respuesta de la agencia fue una correcta y razonable. A tales efectos, según adelantamos, no intervendremos con la determinación emitida por la agencia.

IV

Por los fundamentos que anteceden, se *confirma* la *Respuesta* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[40] *Pueblo v. Vélez Torres*, 212 DPR 175, 182-183 (2023); *Pueblo v. Silva Colón*, 184 DPR 759, 774 (2012).