Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JESÚS AGUIAR OLIVO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | TA2025RA00300 | *Revisión* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>CUCB-43-25<br><br>Sobre:<br>Medicamentos |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de octubre de 2025.

Comparece Jesús Aguilar Olivo (en adelante, recurrente) para solicitarnos la revisión de la *Resolución*, emitida el 26 de agosto de 2025, por el Departamento de Corrección y Rehabilitación (DCR).[1] Mediante la *Resolución* recurrida, el DCR, en reconsideración, confirmó y amplió la respuesta recibida por parte de la señora Maribel García Charriez, Evaluadora de Remedios Administrativos de la Oficina de Bayamón.

Por los fundamentos que expondremos, se *desestima* el recurso incoado por falta de jurisdicción.

I

De lo que se desprende de los autos ante nuestra consideración, el 30 de abril de 2025, el recurrente interpuso una *Solicitud de Remedio Administrativo*.[2] La misma fue recibida por el DCR el 1 de mayo de 2025. En su pliego, el recurrente solicitó la

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 1, Apéndice 2.
[2] *Íd.*, Anejo 2, pág. 2.

renovación del medicamento Gabapentin 800 mg, y cuestionó el que no se le hubiese referido a un fisiatra.

Mediante *Respuesta al miembro de la población correccional*, emitida el 1 de mayo de 2025, se desestimó la solicitud presentada por el recurrente, bajo el fundamento de que la misma era repetitiva.[3] La misma fue entregada al recurrente el 2 de julio de 2025.

En desacuerdo, el 7 de julio de 2025, el recurrente interpuso una *Solicitud de reconsideración*,[4] la cual fue acogida el 23 de julio de 2025.[5]

Posteriormente, y según esbozó el recurrente, así como de lo que se desprende de los autos ante nos, el 26 de agosto de 2025, el DCR emitió su *Resolución* en reconsideración, la cual constituye la determinación objeto de revisión.[6] En la antedicha resolución, el DCR confirmó y amplió la respuesta ofrecida al recurrente. En ella, se le orientó que era el médico internista el responsable de determinar, según su cuadro clínico, el ser referido o no al fisiatra. Además, se le orientó sobre el hecho de que, antes de presentar una solicitud de remedios administrativos, debía solicitar la hoja de registro de quejas y situaciones identificadas para que le pudiesen dar la respuesta del área médica y, de no estar de acuerdo, entonces proceder a realizar la solicitud ante la Oficina de Remedios Administrativos.

Inconforme, el 3 de octubre de 2025,[7] el recurrente suscribió el recurso de revisión ante nos, el cual fue enviado a este Tribunal, mediante correo postal, el 7 de octubre de 2025,[8] y recibido para su radicación el 14 de octubre de 2025.

---

[3] SUMAC TA, a la Entrada Núm. 1, Anejo 2, pág. 3.
[4] *Íd.*, Anejo 2, pág. 4.
[5] *Íd.*, Apéndice 2 y Anejo 2, pág. 5.
[6] *Íd.,* Apéndice 2.
[7] *Íd.*, Documento principal.
[8] *Íd.*, Anejo 1, pág. 1.

Junto al recurso de revisión, el recurrente interpuso una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia,* la cual, revisada la misma, declaramos Ha Lugar.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[9] este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho". En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de revisión ante nos.

II

**A. La Falta de Jurisdicción por Presentación Tardía**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[10] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela.[11] Es norma reiterada en nuestro ordenamiento que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[12] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[13] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[14] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la

---

[9] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).
[10] *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685, 698 (2024); *AAA v. UIA,* 199 DPR 638, 651-652 (2018).
[11] *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 296 (2016).
[12] *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).
[13] *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.
[14] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).

reclamación sin entrar en sus méritos.[15] De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse.[16] Es decir, una sentencia dictada sin jurisdicción por un tribunal es una sentencia nula en derecho y, por tanto, inexistente.[17]

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardíamente. Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello.[18] Consecuentemente, este recurso adolece del grave e insubsanable defecto de falta de jurisdicción.[19] Por consiguiente, su presentación carece de eficacia y no produce ningún efecto jurídico, dado a que no hay autoridad judicial para acogerlo.[20] De otra parte, huelga acentuar que desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro.[21]

Como corolario de lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[22] confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

**B. Términos para acudir en revisión judicial**

El Tribunal Supremo de Puerto Rico ha sostenido que el derecho a cuestionar la determinación de una agencia mediante revisión judicial es parte del debido proceso de ley protegido por la Constitución de Puerto Rico.[23] A tenor, el Artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico otorga

---

[15] *In re Aprob. Enmdas. Reglamento TA*, supra, págs. 109-110; *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.

[16] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).

[17] *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).

[18] *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015).

[19] *Julia et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366 (2001).

[20] *Íd.,* a la pág. 367.

[21] *Yumac Home v. Empresas Massó*, supra, a la pág. 107.

[22] *In re Aprob. Enmdas. Reglamento TA*, supra, págs. 109-110.

[23] *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014); *Picorelli López v. Depto. de Hacienda,* 179 DPR 720, 736 (2010).

competencia apelativa al Tribunal de Apelaciones para revisar las decisiones, órdenes y resoluciones finales de las agencias administrativas.[24] Dicha revisión tiene como fin asegurar que las agencias ejerzan sus funciones de forma razonable y conforme la ley.[25]

No obstante, lo anterior, para que el tribunal apelativo pueda ejercer su facultad revisora, la parte peticionaria debe presentar su recurso de revisión judicial en el término jurisdiccional de treinta (30) días, conforme dispone la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (en adelante, LPAUG).[26] La referida sección provee que este plazo comienza a partir de la fecha en que se archive en autos la notificación de la resolución, o desde la fecha en que se interrumpa ese término mediante la oportuna presentación de una moción de reconsideración.[27] Por otra parte, la aludida Sección 4.2 aclara que, si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.[28]

Precia señalar que una parte adversamente afectada por una resolución u orden parcial o final de una agencia puede optar por solicitarle a la agencia que reconsidere su determinación, previo a acudir en revisión judicial.[29] La parte promovente tendrá veinte (20) días, desde la fecha de archivo en autos de la notificación de la resolución u orden, para presentar una moción de reconsideración.[30] De ahí, la agencia contará con quince (15) días

---

[24] Ley Núm. 201-2003, 4 LPRA sec. 24y(c); *Asoc. Condómines v. Meadows Dev.*, supra, a la pág. 847.
[25] *Empresas Ferrer v. A.R.Pe.*, 172 DPR 254, 264 (2007).
[26] Sección 4.2 de la Ley Núm. 38-2017, 3 LPRA sec. 9672.
[27] *Íd.*
[28] *Íd.*
[29] *Íd.*, Sección 3.15, 3 LPRA sec. 9655.
[30] *Íd.*

para considerar la antedicha solicitud. Sin embargo, si la agencia rechaza acoger la reconsideración o no actúa dentro de los referidos quince (15) días, el término para solicitar revisión judicial comenzará a transcurrir nuevamente.[31] Entiéndase que el término de treinta (30) días para acudir ante el Tribunal de Apelaciones comenzará a transcurrir desde que se notifique el escrito mediante el cual se rechace acoger la reconsideración, o desde que expire el aludido término de quince (15) días.

Ahora bien, si la agencia concernida determina acoger la solicitud de reconsideración, el término para solicitar revisión judicial se contará desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración.[32]

Es harto conocido que, si un recurso de revisión judicial se presenta en el Tribunal de Apelaciones luego de los términos antes reseñados, este foro carecerá de autoridad para acogerlo.[33]

III

Como cuestión de umbral, este Tribunal tiene la ineludible tarea de auscultar si cuenta o no con jurisdicción para entender en el recurso ante nos. Ello, dado a que, si un tribunal carece de jurisdicción, no puede hacer más que así declararlo y desestimar la reclamación sin entrar en sus méritos.[34] Luego de haber revisado el expediente ante nuestra consideración colegimos que no contamos con jurisdicción para atender este caso, tras haberse presentado de forma tardía. Veamos.

Según expusimos en nuestra previa exposición doctrinal, si la agencia concernida opta por acoger la solicitud de reconsideración, el término para solicitar revisión judicial se contará desde la fecha

---

[31] Sección 3.15 de la Ley Núm. 38-2017, *supra.*
[32] *Íd.*
[33] *Yumac Home v. Empresas Massó*, supra, a la pág. 107.
[34] *In re Aprob. Enmdas. Reglamento TA*, supra, págs. 109-110; *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.

en que se archive en autos copia de la notificación de la resolución resolviendo definitivamente la moción de reconsideración.[35] De ahí, la parte perjudica contará con un término de treinta (30) días para acudir ante el Tribunal de Apelaciones.[36]

En el pliego ante nuestra consideración, el recurrente nos solicitó que intervengamos con la *Resolución* emitida el 26 de agosto de 2025. Sin embargo, en el ánimo de revisar si contamos con jurisdicción nos percatamos de lo siguiente: (i) el recurrente suscribió el recurso apelativo el 3 de octubre de 2025, y (ii) lo envió por correo postal a este Tribunal el 7 de octubre de 2025. Por otro lado, el recurso fue recibido para su radicación en este Tribunal el 14 de octubre de 2025.

Dado a lo anteriormente expuesto, es de ver que, aun tomando por buena, la fecha en que el recurrente suscribió el recurso apelativo, entiéndase, el 3 de octubre de 2025, el mismo fue presentado de forma tardía. Y es que, conforme al marco doctrinal previamente expuesto, el término provisto para presentar el recurso ante nos había decursado hacía ya unos ocho (8) días. Dado a lo anterior, forzosamente no podemos llegar a otra conclusión que no sea que el recurso fue presentado de forma tardía, por lo que procede desestimar el mismo.

### IV

Por los fundamentos que anteceden*, se desestima* el recurso incoado por falta de jurisdicción, tras haberse presentado de forma tardía.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[35] Sección 3.15 de la Ley Núm. 38-2017, *supra.*
[36] *Íd.*, Sección 4.2.